# GLUS *v.* BROOKLYN EASTERN DISTRICT TERMINAL.

No. 446.   Argued March 2, 1959.—Decided April 20, 1959.

*Seymour Schwartz* argued the cause for petitioner. With him on the brief was *John J. Seffern.*

*William C. Mattison* argued the cause for respondent. With him on the brief was *John J. Kennelly.*

MR. JUSTICE BLACK delivered the opinion of the Court.

In 1957 petitioner brought this action under the Federal Employers' Liability Act to recover damages for an industrial disease he allegedly contracted in 1952 while working for respondent.[1]   Although § 6 of the Act provides that "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued," petitioner claimed that respondent was estopped from raising this limitation because it had

---

[1] 35 Stat. 65, as amended, 45 U. S. C. §§ 51–60.

induced the delay by representing to petitioner that he had seven years in which to sue.[2]  Respondent contended that while estoppel often prevents defendants from relying on statutes of limitations it can have no such effect in FELA cases for there the time limitation is an integral part of a new cause of action and that cause is irretrievably lost at the end of the statutory period.  The District Court, after discussing two lines of cases "in sharp conflict," one supporting respondent[3] and one supporting petitioner,[4] concluded with apparent reluctance that it was required by prior decisions of the Court of Appeals for the Second Circuit to dismiss petitioner's suit.[5] The Court of Appeals affirmed, saying "For the reasons well stated by [the District Court] we should not attempt to retrace our footsteps now, but may well await resolution of the conflict by the Supreme Court."  253 F. 2d 957, 958.  Since the question is important and recurring we granted certiorari.  358 U. S. 814.

To decide the case we need look no further than the maxim that no man may take advantage of his own wrong.  Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both

---

[2] Paragraph 9 of petitioner's complaint states, "Subsequent thereto defendant's agents, servants and employees fraudulently or unintentionally misstated to plaintiff that he had seven years within which to bring an action against said defendant as a result of his industrial disease and in reliance thereon plaintiff withheld suit until the present time."

[3] *American R. Co.* v. *Coronas,* 230 F. 545; *Bell* v. *Wabash R. Co.,* 58 F. 2d 569; *Damiano* v. *Pennsylvania R. Co.,* 161 F. 2d 534; *Ahern* v. *South Buffalo R. Co.,* 303 N. Y. 545, 563, 104 N. E. 2d 898, 908, aff'd on other grounds, 344 U. S. 367.

[4] *Scarborough* v. *Atlantic Coast Line R. Co.,* 178 F. 2d 253, 190 F. 2d 935, 202 F. 2d 84; *Fravel* v. *Pennsylvania R. Co.,* 104 F. Supp. 84; *Toran* v. *New York, N. H. & H. R. Co.,* 108 F. Supp. 564.

[5] The District Court noted, "The reasoning of [petitioner's] cases is not unpersuasive.  But I feel that I am bound by the decisions of the Court of Appeals of this Circuit . . . ."  154 F. Supp. 863, 866.

law and equity courts [6] and has frequently been employed to bar inequitable reliance on statutes of limitations.[7] In *Schroeder* v. *Young*, 161 U. S. 334, this Court allowed a debtor to redeem property sold to satisfy a judgment, after the statutory time for redemption had expired although the statute granting the right to redeem also limited that right as to time.[8] The Court held that the purchasers could not rely on the limitation because one of them had told the debtor "that he would not be pushed, that the statutory time to redeem would not be insisted upon, and [the debtor] believed and relied upon such assurance." The Court pointed out that in "such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing and were made without consideration, upon the ground that the debtor was lulled into a false security." 161 U. S., at 344.[9] As Mr. Justice Miller expressed it in *Insur-*

[6] See, *e. g., The Arrogante Barcelones,* 7 Wheat. 496, 519; *Sprigg* v. *Bank of Mount Pleasant,* 10 Pet. 257, 264–265; *Van Rensselaer* v. *Kearney,* 11 How. 297, 322–329; *Gregg* v. *Von Phul,* 1 Wall. 274, 280–281; *Morgan* v. *Railroad Co.,* 96 U. S. 716, 720–722; *Reynolds* v. *United States,* 98 U. S. 145, 158–160; *Dickerson* v. *Colgrove,* 100 U. S. 578; *Kirk* v. *Hamilton,* 102 U. S. 68, 76–79; *Daniels* v. *Tearney,* 102 U. S. 415, 420–422.

[7] See, *e. g., Howard* v. *West Jersey & S. R. Co.,* 102 N. J. Eq. 517, 141 A. 755, aff'd on opinion below, 104 N. J. Eq. 201, 144 A. 919. See also Dawson, Estoppel and Statutes of Limitation, 34 Mich. L. Rev. 1; cases collected in 77 A. L. R. 1044; 130 A. L. R. 8; 15 A. L. R. 2d 500; 24 A. L. R. 2d 1413.

[8] Compare 2 Utah Comp. Laws (1888), Tit. IX, §§ 3442–3445 (derived from Act of Feb. 1870, Utah Laws 1870, p. 17, §§ 229–232) with 2 Utah Comp. Laws (1888), Tit. II, §§ 3129–3168. See also Act of Jan. 18, 1867, Utah Laws 1867, p. 32.

[9] See also *Graffam* v. *Burgess,* 117 U. S. 180, where a judgment debtor who had been deceived by his creditors was allowed to redeem land sold on execution even though the time limitation on redemptions had expired and despite a dissent which argued that it was "of the

*ance Co.* v. *Wilkinson,* 13 Wall. 222, 233, "The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. And although the cases to which this principle is to be applied are not as well defined as could be wished, the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice or establish a dishonest claim."

We have been shown nothing in the language or history of the Federal Employers' Liability Act to indicate that this principle of law, older than the country itself, was not to apply in suits arising under that statute.[10] Nor has counsel made any convincing arguments which might lead us to make an exception to the doctrine of estoppel in this case. To be sure language in some decisions of this Court can be taken as supporting such an exception.[11]

---

utmost importance . . . that the right thus granted should be strictly exercised according to the statute. For . . . the favor of allowing the debtor one year more to save his land . . . only adds to his obligation to exercise the right thus granted in strict accordance with its terms." *Id.,* at 196.

[10] See *Dickerson* v. *Colgrove,* 100 U. S. 578, 582 (citing discussions of the doctrine by Coke and Littleton). See also *Sprigg* v. *Bank of Mount Pleasant,* 10 Pet. 257, 265; *Van Rensselaer* v. *Kearney,* 11 How. 297, 322–325.

[11] See, *e. g., Phillips Co.* v. *Grand Trunk W. R. Co.,* 236 U. S. 662, 666–668; *Atlantic Coast Line R. Co.* v. *Burnette,* 239 U. S. 199; *Danzer & Co.* v. *Gulf & S. I. R. Co.,* 268 U. S. 633, 637. But cf. *The Harrisburg,* 119 U. S. 199, 214, "The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right. No question arises in this case as to the power of a court of admiralty to allow an equitable excuse for delay in suing, because no excuse of any kind has been shown."

But that language is in dicta and is neither binding nor persuasive. Accordingly, we hold that it was error to dismiss this case. Despite the delay in filing his suit petitioner is entitled to have his cause tried on the merits if he can prove that respondent's responsible agents, agents with some authority in the particular matter, conducted themselves in such a way that petitioner was justifiably misled into a good-faith belief that he could begin his action at any time within seven years after it had accrued.

It is no answer to say, as respondent does, that the representations alleged were of law and not of fact and therefore could not justifiably be relied on by petitioner. Whether they could or could not depends on who made them and the circumstances in which they were made. See *Scarborough* v. *Atlantic Coast Line R. Co.*, 190 F. 2d 935. Such questions cannot be decided at this stage of the proceedings.

It may well be that petitioner's complaint as now drawn is too vague, but that is no ground for dimissing his action. Cf. *Conley* v. *Gibson*, 355 U. S. 41, 47–48. His allegations are sufficient for the present. Whether petitioner can in fact make out a case calling for application of the doctrine of estoppel must await trial.

*Reversed.*