**Joseph RINZLER, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPO-RATION and Westinghouse Electric Supply Company, Defendants.**

**Civ. A. No. 7427.**

United States District Court
N. D. Georgia,
Altanta Division.

Oct. 29, 1962.

Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey, Atlanta, Ga., for plaintiff.

Jones, Bird & Howell, Atlanta, Ga., for defendants.

MORGAN, District Judge.

Joseph Rinzler, as plaintiff, a former distributor of defendants' products, instituted this action on November 28, 1960, seeking treble damages under Section 4 of the Clayton Act (15 U.S.C. § 15) for injury resulting from defendants' violations of the Robinson-Patman Act (49 Stat. 1526, 15 U.S.C. § 13).

The plaintiff complains of both direct and indirect discriminatory pricing practices by the defendants, said practices being in direct violation of the Robinson-Patman Act, causing injury to the plaintiff. The plaintiff alleges that defendants sold their products to plaintiff during the years 1955, 1956, and 1957; and that thereafter, the plaintiff, as a result of defendants' discriminatory pricing practices, was forced out of business. The plaintiff sets forth in his petition the allegations of conduct by the defendants which would constitute fraudulent concealment by the defendants of the discriminatory practices asserted in this action. These allegations are contained in Paragraph 10 of plaintiff's complaint, as follows:

"That defendants actively concealed the aforesaid discriminatory treatment of plaintiff and that plaintiff might not be aware thereof pur-

posely denied, in response to repeated inquiry by plaintiff, that any of his competitors were offered or given any more favorable prices, rebates or allowances and thus induced plaintiff to continue his purchases and resale of defendants' products in the mistaken belief of equal treatment with his competitors."

The defendants have filed a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, alleging that certain of the damages sought by plaintiff in this action are barred by the four-year statute of limitations set forth in Section 4B of the Clayton Act (15 U.S.C. § 15b). The section under consideration provides:

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

The defendants' motion for partial summary judgment seeks an adjudication by the Court that all of the plaintiff's claims of every nature involving alleged discriminatory acts and practices per and prior to the four-year period of limitations are barred by Section 4B of said Act. The defendants contend that a doctrine of fraudulent concealment cannot be read into Section 4B, and that fraudulent concealment did not toll the four-year period of limitations provided by the Clayton Act.

There have been a large number of similar civil anti-trust suits filed in various districts throughout the country as a result of criminal indictments returned in the United States District Court for the Eastern District of Pennsylvania; and the instant case does not grow out of these suits, but the question presented by this action is identical with many of those actions also seeking treble damages under Section 4 of the Clayton Act. The motion here, like the motions for partial summary judgment in many of those cases, asserts the position by the defendants that the four-year period of limitations provided in Section 4B of the Clayton Act (15 U.S.C. § 15b) bars portions of the respective claims for damages. Whether it does depends upon whether there may be read into the basic four-year period an additional exception not expressed in this statute, but to be invoked by the plaintiff's allegation of "active concealment". Many of these cases have been briefed and most ably argued to this Court by counsel for both parties. The decisions of the District Courts on the general question with which we are here concerned have been conflicting. And with the present state of the authorities, the question could be decided either way.

■ This Court feels that when the Congress enacts legislation of unambiguous language, clear on its face, the universal rule is that courts will enforce it without interpretation or modification. United States v. Great Northern Railway Co., 343 U.S. 562, 575, 72 S.Ct. 985, 96 L.Ed. 1142 (1952); Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 617, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944). In enacting Section 4B, the Congress used clear and unequivocal language, and directed that:

"Any action to enforce any cause of action under section 4 or 4A of this title shall be forever barred unless commenced within four years after the cause of action accrued."

Moreover, Congress made express provision for the one exception it did intend to be applicable to the four-year period prescribed in Section 4B. It provided in Section 5(b) that during the pendency of a civil or criminal antitrust proceeding instituted by the United States, and for one year thereafter, the running of the statute of limitations shall be suspended. This exception, spelled out in meticulous detail, is the only one which Congress chose to make. This conclusion is further buttressed by the section's reaffirmance that any action "shall be forever

barred unless commenced [either within the period of suspension or] within four years after the cause of action accrued".

On this emphatic and unqualified language, the clear mandate of the two sections is that every cause of action under Section 4 "shall be forever barred" unless asserted within four years of its accrual or within the suspension period, if any.

■ Congress has the authority, if it chooses, to enact a statute of limitations which is not subject to tolling or suspension for any reason. And as was stated by Judge Christensen, in the case of Brigham City Corporation v. General Electric Company, D.C., 210 F.Supp. 574, for the District of Utah:

"[I]t is for the Congress to weigh the morality or public policy which justifies such an enactment and not for the Courts, so long as Congress acts within its powers and the parties to a suit who seek to avail themselves of the benefit of such a provision have not barred themselves from relying upon the statute, irrespective of its true meaning, by conduct which invokes the established equitable doctrine of estoppel. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Unexcelled Chemical Corp. v. United States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886)."

One need not go outside the Fifth Circuit to find ample authority that far less definite language appearing in limitations statutes has been held sufficient to extinguish a cause of action despite fraudulent concealment of the claim. For example, in the case of United States v. Borin, 209 F.2d 145 (C.A. 5, 1954), cert. den. 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954), the limitation of the False Claims Act (31 U.S.C. § 235) reading simply: "Every such suit shall be com-

menced within six years from the commission of the act, and not afterward", was so applied. Noting "that the terms of the Act are so plain and unambiguous as to make resort to legislative history unnecessary", the Court denied the Government's contention "that the six year limitation does not begin to run until after discovery of the fraud", and held:

"The section is explicit in commanding that every suit shall be commenced within six years from the commission of the act, and not afterward. The emphatic language must have been employed with full recognition of the fact that in most cases the falsity of the claim would remain concealed for a long time. The intention seems clear that the time would not be extended on account of any fraud or concealment." United States v. Borin, supra, at 147–148.

The number of the cases relied upon by the plaintiff, based upon the interpretation given in Moviecolor, Ltd. v. Eastman Kodak Co., 288 F.2d 80 (C.A. 2d 1961) to the one-sentence dicta in the case of Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) that: "This equitable doctrine is read into every federal statute of limitations", are not controlling here.

The case of United States v. Borin, 5 Cir., 209 F.2d 145, disagrees with the interpretation given in Moviecolor to the one-sentence dicta contained in the Holmberg case. Holmberg v. Armbrecht, supra, had been decided prior to the Borin decision, and is cited in Borin as being applicable to the exact contentions being made in this case and which were rejected in that decision. The interpretation given in the Moviecolor case to the one-sentence dicta in Holmberg cannot be reconciled with the decision in Borin. Obviously, under the Borin decision, there is no federal "fraudulent concealment" doctrine read into every federal statute of limitations.

■ For the foregoing reasons, in addition to those already expressed in a de-

cision of Judge Christensen in the case of Brigham City Corporation, et al. v. General Electric Company, D.C., 210 F. Supp. 574, I am of the opinion that the running of the four-year statute of limitations in Section 4B of the Clayton Act is not suspended by the active concealment in view of the absence of an expressed exemption in the section.

The motion for partial summary judgment by the defendants should be granted. Counsel for defendants are directed to submit a proposed order conforming to this Opinion.