UNITED STATES of America,
Plaintiff,

v.

Phil B. SULLIVAN, Defendant.

Civ. A. No. 62–64.

United States District Court
W. D. Pennsylvania.

Feb. 18, 1963.

Stanley Greenfield, Asst. U. S. Atty., for plaintiff.

Nicholas P. Papadakos, McKeesport, Pa., for defendant.

WILLSON, District Judge.

This non-jury civil action is before me for decision on the admissions in the pleadings and on stipulated facts submitted by counsel for each of the parties. The Court makes the following:

FINDINGS OF FACT

1. Defendant, Phil B. Sullivan, was at all times relevant hereto President of Westwood Apartments, Inc.

2. At all times relevant hereto, Phil B. Sullivan, defendant, was majority common stockholder of said corporation.

3. At all times relevant hereto, Phil B. Sullivan was a director of Westwood Apartments, Inc.

4. From 1959 and at all subsequent times relevant hereto, Westwood Apartments, Inc. was in default on two certain mortgages held by the Federal Housing Administration.

5. At all times relevant to this action, Westwood Apartments, Inc. was insolvent, as that term is defined in case decision construing, Title 31 U.S.C. Annotated, § 191, to wit: said Westwood Apartments, Inc. had total liabilities greater than its total assets and further could not meet its then current liabilities out of its current income.

6. On July 25, 1961, the United States commenced foreclosure proceedings against Westwood Apartments, Inc. and a correct copy of the Complaint in foreclosure has been marked Exhibit C and made a part of the Complaint in this action.

7. On July 27, 1961, John A. Scott was appointed Receiver for Westwood Apartments, Inc. by the Honorable Rabe F. Marsh, United States District Judge for the Western District of Pennsylvania.

8. As a result of foreclosure proceedings and sale of said Westwood Apartments, Inc. on June 26, 1962, there resulted a deficiency on both mortgages in the total sum of Eighty Nine Thousand Five Hundred Three Dollars and Thirty Two ($89,503.32) Cents with interest at 4% from that date. The computation of the deficiency is set forth in Government Exhibit D.

9. By letter dated January 17, 1961, set forth in Government's Exhibit A attached to the Complaint filed in this action, defendant was instructed by the Director of the Federal Housing Administration's Office in Pittsburgh, Pennsylvania, to refrain from making any payments of any kind whatsoever to any of the common stockholders, officers, or directors of the corporation, from cash funds or other assets of the corporation, and to preserve all of the assets to the very best of his ability. Said letter was made pursuant to FHA regulation of which defendant had knowledge. Defendant in contravention of this order, made payment to himself in a fashion more fully described in paragraph 11 below.

10. Defendant deposited sums in the checking account of Westwood Apartments, Inc. in amounts and on the dates below set forth:

| | | |
|---|---|---|
| March 14, 1960 | – | $500.00 |
| April 13, 1960 | – | 500.00 |
| May 17, 1960 | – | 1,000.00 |
| June 18, 1960 | – | 500.00 |

Sums deposited on the foregoing dates above shown were needed to help pay for current operating expenses and were made after default on mortgages in question and while the Westwood Apartments, Inc. was insolvent.

11. On July 24, one day before the complaint in foreclosure was filed, defendant drew a check in the sum of $2,500.00 against the National Bank of McKeesport, Pennsylvania, upon the deposits of Westwood Apartments, Inc., held by said bank to the order of the defendant. A true and correct copy of the face of said check is marked Exhibit B and attached to the Complaint filed in the within action.

## DISCUSSION

It is to be observed in this case that the government commenced foreclosure proceedings July 26, 1961. On July 27, 1961, Judge Marsh appointed a Receiver for Westwood Apartments, Inc. On July 24, 1961, one day before the complaint in foreclosure was filed, defendant repaid himself the $2,500.00 which he had advanced for current operating expenses. It is to be noticed here that advances were made after default on

curred in the mortgages and while the Westwood Apartments, Inc. was insolvent.

The government seeks a return of the advances made by the defendant pursuant to the provisions of Title 31 U.S.C.A. §§ 191 and 192. In short the government says that Westwood Apartments, Inc. was insolvent and there are insufficient funds to pay all debts and under Section 191 the government is to be first paid. Under that Section and Section 192, says the plaintiff, the defendant being in charge of the property and premises repaid himself contrary to the provisions of the statute. Since the argument in this case the Court of Appeals decided United States of America v. Ivy Hall Apartments, Inc., 310 F.2d 5 (3 Cir., 1962), and in the view of this Court, that decision is controlling on the instant facts. In the cited case a Mr. Sidell made advances. He said it was absolutely necessary for him to make such advances in order for him to meet current obligations of the corporation. But the Court of Appeals, speaking through Judge Forman, said:

> "However, neither this nor any other reason he advanced gave him a status other than that of an unsecured general creditor of Ivy Hall. See United States v. Pine Hill Apartments, 261 F.2d 667 (5 Cir., 1958)."

Several other decisions have been cited by counsel for the government, notably United States v. Gotwals, 156 F.2d 692, 169 A.L.R. 619, (10 Cir., 1946); Bramwell v. United States Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L. Ed. 368 (1926).

■ Defendant's counsel points to a distinction in the Ivy Hall case in that in Ivy Hall the person who advanced the money claimed a lien as against the government, whereas in the instant case, defendant Sullivan repaid himself the money prior to the appointment of a receiver. But as I see it, the difference in the two cases is immaterial. The statute, Section 191, establishes the priority and in Section 192 the person who is "in charge" is the one responsible. The Statute reads:

> "§ 192. Liability of fiduciaries
> "Every executor, administrator, or assignee, *or other person*, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid." (Emphasis supplied).

The defendant Sullivan is the *"other person"* in the instant case. He made the payment contrary to the statute so, therefore, he becomes liable. See United States v. Lutz, 295 F.2d 736, (5 Cir., 1961),

■ In his brief, counsel for the defendant asserts that under the facts in this case the government is estopped to deny the propriety of the payment of $2,500.00 to the defendant. Counsel says that the term "estoppel" implies:

> "that one who by his deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent attitude or course of conduct and thereby cause loss or injury to such other."

Counsel also contends that the government in the instant case in owning the mortgage is acting in a proprietary capacity as distinguished from a governmental capacity and the doctrine of "equitable estoppel" can be applied. Assuming arguendo that the equitable estoppel principle may be applied against the government when acting in a governmental capacity, still the facts in this case as stipulated to do not warrant any conclusion that the government took any advantage of the defendant. The Supreme Court in Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct.

760, 3 L.Ed.2d 770 (1959), has recently discussed the estoppel principle. The decision refers to an earlier case, Insurance Co. v. Wilkinson, 13 Wall. 222, 233, 20 L.Ed. 617:

"The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage."

An examination of the agreed facts in the instant case does not reveal any representations or conduct by the government which induced defendant to advance the funds in question. The facts show that defendant was the majority stockholder, president and a director of the corporation. On the face of the record it would appear that defendant was attempting to salvage or protect his own investment in keeping the enterprise going. Nothing appears which would require the application of the principle of equitable estoppel against the government.

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction over the parties and the subject matter of this civil action.

2. That the advances of $2,500.-00 by defendant Sullivan shown in Paragraph 10 of the Findings of Fact, even though used in the business of the corporation, established no lien or priority in him ahead of the United States of America.

3. That the payment by defendant Sullivan to himself on July 24, 1961, was contrary to the provisions of the statute, 31 U.S.C.A. §§ 191 and 192, as Westwood Apartments, Inc. was, on said date, insolvent and had been insolvent.

4. That the United States is entitled to judgment against the defendant Phil B. Sullivan in the sum of Two Thousand Five Hundred ($2,500.00) Dollars with interest from July 24, 1961.