**ALLIS–CHALMERS MANUFACTURING
COMPANY et al., Appellants,**

v.

**COMMONWEALTH EDISON COMPANY
et al., Appellees.**

No. 13903.

United States Court of Appeals
Seventh Circuit.

March 29, 1963.

Rehearing Denied April 26, 1963,
en banc.

Hammond E. Chaffetz, William H. Van Oosterhout, William R. Jentes, George D. Newton, Jr., Jack S. Levin, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Cravath, Swaine & Moore, Ralph L. McAfee, David L. Foster, Victor M. Earle, III, New York City, of counsel, for Westinghouse Electric Corporation.

John Paul Stevens, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., for A. B. Chance Co. and Foster Wheeler Corporation.

Edward R. Johnston, Thompson, Raymond, Mayer & Jenner, Chicago, Ill., for Allan Bradley Co., Clark Controller Co., Cutler-Hammer, Inc., Lapp Insulator Co., Inc., McGraw-Edison Co., Ohio Brass Co., and Square D Co.,

Holmes Baldridge, John M. Kerwin, Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for Allis-Chalmers Mfg. Co.

Earl E. Pollock, Frederic S. Lane, Sonnenschien, Lautman, Levinson, Rieser, Carlin & Nath, Chicago, Ill., for Cornell-Dubilier Electric Corporation, Federal Pacific Electric Co., Moloney Electric Co. in Nos. 62 C 87, 62 C 88, 62 C 184 and 62 C 188 and Wagner Electric Corporation in Nos. 62 C 87, 62 C 88, 62 C 184 and 62 C 188.

John T. Chadwell, Richard M. Keck, Richard Calkins, David L. Aufderstrasse, Chadwell, Keck, Keyser, Ruggles & McLaren, Chicago, Ill., for General Electric Co.

Jacob H. Martin, Sydney G. Craig, Martin Bogot, Martin, Craig, Chester & Sonnenschien, Chicago, Ill., for H. K. Porter Co., Inc.

Charles M. Price, Robert C. Keck, Valentine A. Weber, Jr., MacLeish, Spray, Price & Underwood, Chicago, Ill., for Carrier Corporation and C. H. Wheeler Mfg. Co.

Timothy G. Lowry, Owen Rall, Elroy C. Sandquist, Jr., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for I-T-E Circuit Breaker Co.

Harold T. Halfpenny, Halfpenny, Hahn & Ryan, Chicago, Ill., for Ingersoll-Rand Co.

Roland D. Whitman, Joseph A. Conerty, Ross, McGowan & O'Keefe, Chicago, Ill., for Joslyn Mfg. & Supply Co. and Porcelain Insulator Corporation.

Lloyd M. McBride, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for Kuhlman Electric Co.

Neil McKay, Winston, Strawn, Smith & Patterson, Chicago, Ill., for Hubbard & Co.

W. Donald McSweeney, Mitchell S. Rieger, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Moloney Electric Co., Sangamo Electric Co. and Wagner Electric Corporation.

Edward R. Adams, Miller, Gorham, Wescott & Adams, Chicago, Ill., for Southern States, Inc.

Brainerd Chapman, Pritchard, Chapman, Pennington, Montgomery & Sloan, Chicago, Ill., for Worthington Corporation.

Martin R. Paulsen, Milwaukee, Wis., Charles A. Bane, Thomas L. Nicholson, George B. Beall, Richard E. Powell, A. Daniel Feldman, Peter A. Tomei, Isham, Lincoln & Beale, Chicago, Ill., Max Swiren, Neil Flanagin, Chicago, Ill., for Central Illinois Electric & Gas Co., Central Illinois Light Co., Central Illinois Public Service Co., Commonwealth Edison Co., Commonwealth Edison Co. of Indiana, Inc., Iowa Electric Light & Power Co., Iowa-Illinois Gas & Electric Co., Iowa Power & Light Co., Northern Indiana Public Service Co., and Public Service Co. of Indiana, Inc.

George H. Jirgal, Chapman & Cutler, Chicago, Ill., for Central Illinois Electric & Gas Co. and Iowa Electric Light & Power Co.

Harry E. Witherell, Davis, Morgan & Witherell, Peoria, Ill., for Central Illinois Light Co.

William B. Waterman, Davenport, Iowa, for Iowa-Illinois Gas and Electric Co.

Ove B. Dendtler, Stevenson, Dendtler & McCabe, Chicago, Ill., for Central Illinois Public Service Co.

Thomas C. McConnell, Francis J. McConnell, George A. Lane, Chicago, Ill., for Metropolitan Sanitary District of Greater Chicago.

Daniel P. Ward, State's Atty. of Cook County, Ill., by Thomas A. Hett, Ronald W. Olson, Chicago, Ill., for Cook County.

Howard A. Steele, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for Iowa Power & Light Co.

John C. Lawyer, Lawyer, Schroer & Eichhorn, Hammond, Ind., for Northern Indiana Public Service Co.

Paul G. Jasper, Plainfield, Ind., for Public Service Co. of Indiana, Inc.

Clement F. Springer, James O. Smith, Chicago, Ill., for Interstate Power Co.

Lee A. Freeman, James J. Costello, Chicago, Ill., James E. Harmon, Urbana, Ill., for Board of Trustees of the University of Illinois.

Charles S. Rhyne, Washington, D. C., Seymour F. Simon, Chicago, Ill., Brice W. Rhyne, Lenox G. Cooper, Washington, D. C., for City of Chicago, City of Milwaukee, Austin Utilities and City of Austin, Minn., City of Jasper, Indiana, City of Springfield, Mo., City of Grand Island, Neb., Board of Water and Light, Trustees of City of Muscatine, Iowa, City of Springfield, Ill., City of Highland, Ill., City of Tallahassee, Fla., City of Independence, Mo., City of Richmond, Ind., City of Lincoln, Neb.

John C. Melaniphy, Chicago, Ill., for City of Chicago, Ill.

John J. Fleming, George A. Bowman, Jr., Milwaukee, Wis., for City of Milwaukee, Wis.

Kermit Hoversten, Austin, Minn., for Austin Utilities and City of Austin, Minn.

Clemence A. Nordoff, Jasper, Ind., for City of Jasper, Ind.

J. Weston Miller, John F. Carr, Ralph E. Hunt, Springfield, Mo., for City of Springfield, Mo.

Paul C. Holmberg, Ernest G. Kroger, Grand Island, Neb., for City of Grand Island, Neb.

Barnabas F. Sears, Chicago, Ill., for City of Jacksonville, Ill.

C. J. Rosenberger, Muscatine, Iowa, for Board of Water and Light Trustees of City of Muscatine, Iowa.

I. J. Feuer, Springfield, Ill., for City of Springfield, Ill.

James M. Byrne, Highland, Ill., for City of Highland, Ill.

James Messer, Jr., Tallahassee, Fla., for City of Tallahassee, Fla.

John F. Thice, Gilbert R. Titus, Independence, Mo., for City of Independence, Mo.

Andrew C. Cecere, Richmond, Ind., for City of Richmond, Ind.

Ralph D. Nelson, Lincoln, Neb., for City of Lincoln, Neb.

Robert W. Bergstrom, Charles O. Brizius, Chicago, Ill. for Wisconsin Power & Light Co., Northern States Power Co., a Minnesota Corporation, Northern States Power Co., a Wisconsin corporation, Iowa Southern Utilities Co., Lake Superior District Power Co., Northwestern Public Service Co., Madison Gas & Electric Co., Otter Tail Power Co., Black Hills Power & Light Co., and Illinois Power Co.

Robert J. Sutherland, Petersen, Sutherland, Axley & Brynelson, Madison, Wis., for Wisconsin Power & Light Co.

Donald E. Nelson, General Counsel Northern States Power Co., Minneapolis, Minn., for Northern States Power Co., a Minnesota corporation, and Northern States Power Co., a Wisconsin corporation.

Robert Valentine, Valentine, Greenleaf & Griffing, Centerville, Iowa, for Iowa Southern Utilities Co.

George G. Blake, Aberg, Bell, Blake & Metzner, Madison, Wis., for Lake Superior District Power Co.

George E. Hale, Wilson & McIlvaine, Chicago, Ill., for Illinois Power Co.

Van B. Wake, Wake, Prosser, Zimmerman & Quale, Milwaukee, Wis., for Wisconsin Electric Power Co. and Wisconsin Michigan Power Co.

Ralph Mauch, Huron, S. D., for Northwestern Public Service Co.

William T. Rieser, Rieser, Stafford, Rosenbaum & Smith, Madison, Wis., for Madison Gas & Electric Co.

Cyrus A. Field, Field, Arvesen, Donoho & Lundeen, Fergus Falls, Minn., for Otter Tail Power Co.

William Porter, Hanley, Costello & Porter, Rapid City, S. D., for Black Hills Power & Light Co.

William J. Froelich, Froelich, Grossman, Teton & Tabin, Chicago, Ill., for Wisconsin Public Service Corporation.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Since July 31, 1961, a large number of privately owned utilities, municipalities. and public corporations have filed a total of 226 treble damage actions in the United States District Court for the Northern District of Illinois against 28 electrical equipment manufacturers from whom they purchased such equipment. Approximately 1,800 cases of this character have been filed in federal courts throughout the United States.

These actions were brought under Section 4 of the Clayton Act, 15 U.S.C.A. § 15,[1] for alleged violations of the Sherman Act, 15 U.S.C.A. §§ 1 and 2.

The complaints allege that defendants conspired to fix prices, rig bids and allocate customers in the sale of about. 23 categories of electrical equipment to plaintiffs. Most of the complaints allege that the conspiracies began in 1948 and continued until sometime in 1960. Several of the complaints allege a time period beginning prior to 1948.

The complaints further allege that. such violations were fraudulently concealed by defendants from plaintiffs and that plaintiffs did not learn of their causes of action until grand jury hearings resulted in criminal and injunctive proceed-

---

1. "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

ings brought by the United States against these defendants in 1960 in the Eastern District of Pennsylvania.

Defendants moved the district court for an order striking all claims for damages accruing prior to the four year period of limitations provided in Section 4B of the Clayton Act, 15 U.S.C.A. § 15b.[2] The motion further sought to strike from the complaints all allegations of alleged fraudulent concealment of the causes of action,[3] or in the alternative, to dismiss all time barred claims.

Defendants contended below that the four year limitations period in the Clayton Act, Section 4B and its related Section 5(b),[4] constitute an absolute bar against any action commenced more than four years after the cause of action accrued and that in the absence of a specific exception therein the limitations statute is not subject to tolling on the ground of fraudulent concealment.

Plaintiffs below argued that fraudulent concealment tolls the period of limitations provided in Section 4B.

In a well considered opinion, the district court, Honorable Edwin A. Robson presiding, denied defendants' motion to strike the allegations in the complaints antedating the designated statutory period and the allegations of fraudulent concealment. 210 F.Supp. 557 (August 28, 1962).

Judge Robson certified the question of law as one properly for interlocutory review pursuant to 28 U.S.C.A. § 1292(b). We granted defendants' petition for such review on October 7, 1962. This appeal is now before us for decision.

The sole question for determination is whether fraudulent concealment of the existence of a cause of action arising under Section 4 of the Clayton Act tolls the four year period of limitation provided in Section 4B of that Act in the absence of a tolling exception specifically provided therein.

We answer this question in the affirmative and hold that fraudulent concealment does toll the period of limitation provided in Section 4B of the Clayton Act. We affirm the holding of the district court.

The Eighth, Second and Tenth Circuits, in similar cases, have held that the statute is tolled. No federal court of appeals has held to the contrary. There has been a divergence of views by nine district courts that have passed on this question to date.

The Eighth Circuit, on November 6, 1962, in an opinion by Circuit Judge Matthes, was the first to announce its holding that fraudulent concealment tolls the four year statute. Kansas City, Missouri v. Federal Pacific Electric Co., 310 F.2d 271, cert. denied, 371 U.S. 912, 83 S.

---

2. "Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

3. We do not have before us and do not pass upon the question as to whether the facts alleged in the complaints are such as would constitute "fraudulent concealment." Further, we are not concerned here with cases involving the failure to discover violations absent the element of fraudulent concealment.

4. "Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however*, That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued." 15 U.S.C.A. § 16(b).

Ct. 256, 9 L.Ed.2d 171 (November 19, 1962). This decision reversed a contrary holding by the Western District of Missouri (Judge Becker). 210 F.Supp. 545 (August 4, 1962).

In his opinion, Judge Matthes considered at length the legislative history of Section 4B and found Congressional awareness of the doctrine of fraudulent concealment and an affirmative intent on the part of Congress to read this principle into the statute. He refuted the proposition urged there (and in the instant case) that "discovery" is synonymous in meaning to and must be equated with the doctrine of fraudulent concealment. We need not review such history and related holdings here. It is sufficient to say that the court's conclusions find strong support in Bailey v. Glover, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874);[5] Exploration Co. v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200 (1918);[6] Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L. Ed. 743 (1946);[7] Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (a case involving estoppel rather than fraudulent concealment); 34 Am.Jur., Limitation of Actions § 231 (1941). For a typical case involving a state statute of limitations held applicable in a private antitrust suit under the Clayton Act, see Moviecolor Limited v. Eastman Kodak Company, 2 Cir., 288 F.2d 80 (1961), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26.

Basic to the holding of the Eighth Circuit is its concluding observation:

"While lack of uniformity in the state statutes of limitations was undeniably a prime factor which motivated Congress to enact § 4B, our careful consideration of all phases of the instant controversy drives us irresistibly to the conclusion that Congress was equally concerned with efficient enforcement of the Clayton Act which certainly cannot be accomplished if the statute is given a literal construction. We are not persuaded to believe that Congress meant to proscribe and outlaw conspiracies and combinations in restraint of trade, only to reverse itself by enacting a statute of limitations that would reward successful conspirators. When the antitrust laws are violated, the wrongdoers who are successful in cloaking their unlawful activities with secrecy through cunning, deceptive and clandestine practices should not, when their machinations are discovered, be permitted to use the shield of the statute of limitations to bar redress by those whom they have victimized." 310 F.2d at 284.

The Second Circuit, on December 31, 1962, followed the holding of the Eighth Circuit in Kansas City. It heard the appeal *en banc*, Chief Judge Lumbard writing the majority opinion, with one judge dissenting. Atlantic City Electric

5. Bailey v. Glover is generally regarded as the landmark case in establishing the principle that fraudulent concealment of a cause of action tolls a statute of limitations so that, if the doctrine is otherwise applicable, "the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him." Id. at 350.

6. In Exploration, a patent case concerning a six year limitation statute without specific exceptions therein, the Supreme Court held the limitations period tolled by fraudulent concealment, reaffirmed the principle of Bailey v. Glover and read the doctrine into the statute in these words: "When Congress passed the act in question the rule of Bailey v. Glover

was the established doctrine of this court. It was presumably enacted with the ruling of that case in mind. We cannot believe that Congress intended to give immunity to those who for the period named in the statute might be able to conceal their fraudulent action from the knowledge of the agents of the Government." 247 U.S. at 449, 38 S.Ct. at 573.

7. In Holmberg, the Supreme Court again affirmed the teachings of Bailey and Exploration, and Mr. Justice Frankfurter made a statement quoted in almost every subsequent opinion on this subject: "This equitable doctrine [fraudulent concealment] is read into every federal statute of limitation." Id. at 397, 66 S.Ct. at 585.

Co. v. General Electric Co., 312 F.2d 236. This decision affirmed a similar holding by the district court of the Southern District of New York (Judge Feinberg). 207 F.Supp. 613 (July 11, 1962).

The latest holding by a court of appeals was announced by the Tenth Circuit on March 15, 1963. It followed the holdings of the Eighth and Second Circuits in an opinion by Circuit Judge Breitenstein. Public Service Company of New Mexico v. General Electric Company, 315 F.2d 306.

In this decision, the Tenth Circuit affirmed a similar holding by the District Court of Colorado (Judge Arraj). Public Service Co. of Colorado v. Allen-Bradley Co. (September 11, 1962). It reversed contrary holdings by the District Court of New Mexico (Judge Rogers), Public Service Co. of New Mexico v. General Electric Co. (July 25, 1962), and the District Court of Utah (Judge Christensen), Brigham City Corporation v. General Electric Company, 210 F.Supp. 574 (September 28, 1962).

Like Judge Breitenstein, we find the legislative history interesting but not decisive of the issue. His opinion treats fully and ably the other contentions urged by the parties in the case at bar. Finding ourselves in agreement with his conclusions and that the decisions in Bailey, Exploration and Holmberg are controlling, we need not set them out again.

The question before us has been presented to other courts and the end is not yet in sight.[8]

It appears from the foregoing summary of this litigation that three courts of appeal and six district courts have decided this precise question in favor of plaintiffs and three district courts have decided it in favor of defendants. The three district court decisions that held the statute not to be tolled have been reversed by their respective courts of appeal.

In the instant case, we have had the benefit of thorough and well prepared briefs and strong oral argument by the parties. We have carefully considered all propositions advanced. We have studied the nine court opinions thus far handed down. We feel we can add nothing to the law governing this case by writing further on the issue before us.

We adopt the holdings of the Eighth, Second and Tenth Circuits, supra, and rely generally on the authorities therein cited. Any minor differences of opinion we may entertain concerning statements made in each of such holdings would not change the result we reach.

We hold that the district court did not err in denying defendants' motion to strike.

The order of the district court under review in this interlocutory appeal is affirmed.

Order affirmed.

8. The district court for the Eastern District of Pennsylvania (Judge Kraft) in United States v. General Electric Company, 209 F.Supp. 197 (August 22, 1962), held the statute of limitations tolled by fraudulent concealment. Leave to appeal under Section 1292(b), supra, was denied by the Third Circuit on September 21, 1962.

The district court for the Western District of Texas (Judge Spears) in City of San Antonio v. General Electric Co. (November 20, 1962), also held the statute tolled. The Fifth Circuit granted leave to appeal under Section 1292(b) on January 11, 1963, and it is now pending.

The district court for the Southern District of California (Judge Byrne) made a similar holding in favor of tolling the statute in Department of Water and Power of the City of Los Angeles v. Allis-Chalmers Manufacturing Co., 213 F.Supp. 341 (January 9, 1963). The Ninth Circuit granted leave to appeal under Section 1292(b) on February 11, 1963, and it is now pending.