**UNITED STATES, etc., Plaintiff,**

v.

**ELLIS CONSTRUCTION COMPANY et al., Defendants.**

**No. CIV-2-77-125.**

United States District Court, E. D. Tennessee, Northeastern Division.

Feb. 3, 1978.

G. P. Gaby, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn. and James A. Weller, Weller & Miller, Johnson City, Tenn., for plaintiff.

Richard W. Pectol, Johnson City, Tenn. and Frank K. Moore, Moore, Stout, Waddell & Ledford, Kingsport, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended that a judge of this Court deny the motion of the defendant United States Fidelity and Guaranty Company to dismiss this action for the failure of the use-plaintiff to state a claim against it on which relief can be granted and for the lack of jurisdiction of the subject matter herein, Rules 12(b)(6), (1), Federal Rules of Civil Procedure. 28 U.S.C. § 636(b)(1)(B). That defendant served and filed timely written objections to such recommendation, 28

U.S.C. § 636(b)(1), and the Court makes herein a de novo determination of those portions of such recommendation to which those objections were addressed. *Idem.*

There is no merit to the first 2 such objections. On the lower portion of page 2, on page 3, and on the upper portion of page 4 of his recommendation, the magistrate considered the 1-year limitation included in 40 U.S.C. § 270b(b) as a condition precedent to the commencement of this action. In the course of this consideration, he cited and discussed 3 of the 4 decisions cited by the movant in its brief. The fourth decision thus cited, *United States for Use of Celanese Coatings Co. v. Gullard,* C.A. 9th (1974), 504 F.2d 466, is obviously inapposite hereto (as the movant appears to the Court to have conceded in its brief). The final objection of the movant, that the magistrate concluded erroneously that the doctrine of equitable estoppel is applicable herein, warrants more comprehensive consideration.

The use-plaintiff contends that the movant misrepresented its intention to pay the use-plaintiff's claim herein when the correct amount thereof was established, that the movant held the use-plaintiff's records for purposes of that computation until the statutory limitation on its action had expired while the use-plaintiff relied on such representation to its detriment, causing the use-plaintiff to delay the assertion of its claim herein, and then that such defendant refused its claim because the limitations period had expired. The movant would now have this Court deny the use-plaintiff the protection afforded it by the provisions of the Miller Act, 40 U.S.C. §§ 270a, et seq., on the grounds that the use-plaintiff has not met a condition precedent to the commencement of this action, and that it is barred by the limiting period for such actions.

Thus, implicated herein is " * * * the maxim that no man [nor corporation] may take advantage of his [or its] own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitation. [Footnote references omitted.] * * * " *Glus v. Brooklyn Eastern District Terminal* (1959), 359 U.S. 231, 232–233, 79 S.Ct. 760, 762[3], 3 L.Ed.2d 770. " * * * 'The principle is that where one party has by his representations * * * induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. And although the cases to which this principle is to be applied are not as well defined as could be wished, the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice. * * * ' " *Ibid.,* 359 U.S. at 234, 79 S.Ct. at 762[4].

As demonstrated by the citation of authorities in the magistrate's recommendation, Miller Act cases are among those cases to which such principle is applied. The magistrate was eminently correct in his appraisal of the applicability herein of the doctrine of equitable estoppel, and to that extent his recommendation is ACCEPTED. 28 U.S.C. § 636(b)(1).

The recommendation that the motion of the moving defendant for a dismissal on the foregoing grounds is held under advisement. The Court will determine initially the equitable issue. Unless the use-plaintiff establishes therein by the preponderance of the evidence facts warranting application of the doctrine of equitable estoppel, such motion will probably be granted; but if such facts are established, the Court will proceed to a final determination of the motion to dismiss.