**UNITED STATES of America, Chester Sewer District of Chester, South Carolina, and Grand Strand Water and Sewer Authority of Conway, South Carolina, Plaintiffs,**

v.

**CFW CONSTRUCTION CO., INC., Frederick M. Young, Preston Carroll Co., Inc., Preston Carroll Enterprises, and Frank A. Shepherd, Defendants.**

Civ. A. No. 0:86–735–15.

United States District Court,
D. South Carolina,
Rock Hill Division.

Dec. 5, 1986.

Jack Marshall, Asst. U.S. Atty., Columbia, S.C., Michael F. Hertz, Stephen D. Altman, Joan E. Hartman, U.S. Dept. of Justice, Robert Friedrich, E.P.A., Washington, D.C., Arthur Lee Gaston, Gaston, Gaston & Marion, P.A., Chester, S.C., Richard N. Booth, Conway, S.C., for plaintiffs.

Stephen G. Morrison, Joseph M. Strickland, Nelson, Mullins, Grier & Scarborough, Columbia, S.C., Ken Suggs, Suggs and Kelly, Peter L. Murphy, McNair Law Firm, Columbia, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

This action arises out of an agreement by defendants CFW Construction Co., Frederick M. Young, Preston Carroll Co., Inc., and Frank A. Shepherd, to rig bids on two federally funded wastewater treatment projects in Chester and Conway, South Carolina. Plaintiff, the United States of America, asserts causes of action for double the damages it sustained by reason of the bidrigging agreement and for civil penalties for each false claim submitted pursuant to that agreement under the False Claims Act, 31 U.S.C. §§ 3729–3731 (1982). Other plaintiffs are the Chester Sewer District of Chester, South Carolina, and the Grand Strand Water & Sewer Authority of Conway, South Carolina, each of which funded approximately one-fourth of their respective wastewater treatment projects. These plaintiffs assert causes of action under the

Sherman and Clayton Acts, 15 U.S.C. §§ 1, 15, under the South Carolina Antitrust Act, S.C.Code Ann. §§ 39–3–10, 39–3–30 (Law. Co-op.1976), and under the South Carolina Unfair Trade Practices Act, S.C.Code Ann. § 39–5–140 (Law Co-op.1976). All plaintiffs assert various causes of action under the common law of South Carolina.

Defendants admit that they participated in rigging bids on the Chester and Grand Strand projects, and that the bidrigging agreement was implemented. They further admit that as a result of the agreement, ten claims for payment were submitted through the Chester Sewer District to the United States Environmental Protection Agency (EPA), and that fourteen claims for payment were submitted for payment through the Grand Strand Water & Sewer Authority to the EPA. Before the Court are dispositive motions submitted by both the plaintiffs and defendant CFW Construction Co. on the False Claims Act, federal and state antitrust law, South Carolina Unfair Trade Practices Act, and South Carolina common law causes of action. Plaintiffs have moved for summary judgment on the False Claims Act and federal and state antitrust law claims pursuant to Rule 56, Fed.R.Civ.Proc. Defendant CFW has moved, pursuant to Rules 12 and 56, Fed.R.Civ.Proc., to dismiss or for partial summary judgment on all counts except counts nine (9) and ten (10), common law fraud and conspiracy. For the reasons that follow, both motions are granted in part and denied in part.

### I. *False Claims Act*

Before the Court is the motion of plaintiff the United States for summary judgment as to its False Claims Act cause of action, pursuant to Rule 56, Fed.R.Civ. Proc., based on defendants' admitted conspiracy to rig bids on the Chester and Grand Strand projects, and based on the twenty-four claims for payment (10 on the Chester project and 14 on the Grand Strand project) that defendants admit were submitted to the United States as a result of the two conspiracies. The United States

seeks summary judgment as to liability, civil penalties, and damages under the Act. Also before the Court is the motion of defendant CFW Construction Co. to dismiss the United States' False Claims Act cause of action based upon the expiration of the Act's six-year statute of limitations as to several of the claims. 31 U.S.C. § 3731(b). For the reasons that follow, the defendant's motion is denied. The motion of the United States for summary judgment as to liability and civil penalties is granted. Material facts remain in dispute on the damages aspect of the False Claims Act claim, and therefore summary judgment on this aspect is denied.

 The False Claims Act provides, in relevant part:

A person ... is liable to the United States Government for a civil penalty of $2,000, an amount equal to 2 times the amount of damages the Government sustains because of the act of that person, and costs of the civil action, if the person—

(1) knowingly ... causes to be presented, to an officer or employee of the Government ... a false or fraudulent claim for payment or approval; ...

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid ...

31 U.S.C. § 3729. The conspiracy to rig bids on two federally funded wastewater treatment projects falls within the proscription of 31 U.S.C. § 3729(3). *See generally United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943). In addition, the claims for payment submitted to the United States under the rigged contract that resulted from the conspiracy are false claims subjecting them to liability under 31 U.S.C. § 3729(1). *United States ex rel. Marcus v. Hess,* 317 U.S. at 542–44, 63 S.Ct. at 383–84. Furthermore, a showing of measurable damage to the United States is not an essential element of a cause of action for submission of false claims or for conspiracy to submit false claims under the Act. *See generally Toepleman v. United States,* 263 F.2d 697, 699

(4th Cir.), *cert. denied,* 359 U.S. 989, 79 S.Ct. 1119, 3 L.Ed.2d 978 (1959). Additionally, defendants are jointly and severally liable under the Act for statutory civil penalties, *United States v. Hughes,* 585 F.2d 284, 286 n. 2 (7th Cir.1978), *United States v. Cripps,* 460 F.Supp. 969, 975 (E.D.Mich. 1978). Also, one civil penalty may be assessed for each of the two conspiracies alleged and admitted. *United States v. Salvatore,* 140 F.Supp. 470, 471 (E.D.Pa. 1956). Finally, additional civil penalties should be assessed against the defendants for each false claim submitted pursuant to the conspiracy. It is clear that in bid-rigging cases the proscribed harm does not stop with the execution of the contract. Rather, it extends to each intermediate step along the path to the ultimate goal, payment by the government. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 543–44, 63 S.Ct. 379, 383–84, 87 L.Ed. 443 (1943). *United states v. Cripps,* 460 F.Supp. at 976.

Defendant CFW Construction Co. argues that notwithstanding its admission of liability, several of the claims of the United States are barred by the statute of limitations incorporated within the False Claims Act. 31 U.S.C. § 3731(b). Section 3731(b) provides:

A civil action under section 3730 of this title must be brought within 6 years from the date the violation is committed.

Several of the twenty-four claims for payment to the United States on the Chester and Grand Strand projects were submitted more than six years prior to the filing of plaintiffs' Complaint in March of 1986. Due to the self-concealing nature of the bidrigging conspiracy, however, the United States became aware of its cause of action against these defendants only at the time of the criminal litigation that preceded this case, in 1982. The United States argues that the defendants' fraudulent concealment of the facts giving rise to its cause of action tolls the False Claims Act statute of limitations. Defendant CFW argues that the statute is "jurisdictional," and may not be tolled by fraudulent concealment. CFW

relies upon *United States v. Borin*, 209 F.2d 145, 148 (5th Cir.), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954), upon *United States ex rel. Nitkey v. Dawes*, 151 F.2d 639, 643 (7th Cir.1945), *cert. denied*, 327 U.S. 788, 66 S.Ct. 808, 90 L.Ed. 1015 (1946), and upon a line of district court cases that rely primarily upon *Borin* and *Dawes*.

Upon a review of the relevant case law, this Court finds that the position of CFW must be rejected. Federal statutes of limitation in fraud cases are universally tolled until the plaintiff knew or should have known of the facts giving rise to its cause of action. *Bailey v. Glover*, 88 U.S. (21 Wall) 342, 347–48, 22 L.Ed. 636 (1874); *Exploration Co. v. United States*, 247 U.S. 435, 448–49, 38 S.Ct. 571, 573, 62 L.Ed. 1200 (1918). This equitable tolling doctrine "is read into every statute of limitations," *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), and is based upon a principle "[d]eeply rooted in our jurisprudence"—that "no man may take advantage of his own wrong." *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232, 79 S.Ct. 760, 761, 3 L.Ed.2d 770 (1959). The equitable doctrine in fraud cases is specifically applicable where the United States is the party plaintiff, because "[s]tatutes of limitation sought to be applied to bar rights of the Government must receive a strict construction in favor of the Government." *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 391, 104 S.Ct. 756, 760, 78 L.Ed.2d 549 (1984).

The *Borin* and *Dawes* line of cases relied upon *A.J. Phillips Co. v. Grand Trunk Western Railway Co.*, 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774 (1915) in support of the conclusion that the time limitation incorporated within the False Claims Act in its prior codification at 31 U.S.C. § 235 (1976), is "jurisdictional." In *A.J. Phillips Co.*, the Supreme Court held that a two-year time limitation incorporated within the Interstate Commerce Commission Act was an integral part of the cause of action, and that as a "substantive" limitations period the time requirement amounted to a restriction on the jurisdiction of the federal courts after the two-year period. The language in the time limitation that required this result was the phrase "and not after." The False Claims Act limitations period, in its prior codification at 31 U.S.C. § 235, required that claims under the Act be brought within six years of the violation, "and not afterward." *Borin* and *Dawes* noted the similarity in language between the False Claims and Interstate Commerce Commission Acts, and held that the False Claims Act statute of limitations is a substantive one and therefore not subject to equitable tolling. Subsequent to the *Borin* and *Dawes* decisions, however, the Supreme Court reexamined its holding in *A.J. Phillips*, and concluded that any language in that case that would preclude equitable tolling "is in dicta and is neither binding nor persuasive." *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 760 (1959); *see id.* at 234 n. 11, 79 S.Ct. at 762 n. 11. Prior to *Glus*, this Circuit had come to the same conclusion: that equitable tolling principles apply equally to a "substantive" statute of limitation as to any other. *Scarborough v. Atlantic Coast Line R. Co.*, 178 F.2d 253, 258–59 (4th Cir.1949) "The ancient maxim that no one should profit by his own conscious wrong is too deeply imbedded in the framework of our law to be set aside by a legalistic distinction between the closely related types of statutes of limitation." *Id.* at 259.

■ In sum, the reasoning underlying the *Borin* and *Dawes* decisions has been overruled by the Supreme Court and has been rejected by this Circuit. Accordingly, fraudulent concealment of the facts giving rise to the plaintiff's cause of action tolls the running of the statute of limitations in False Claims Act cases, and the statute continues to be tolled until such time as the plaintiff knew or should have known of those facts.

In this case, the earliest date (1982) that federal officials with the responsibility to act could have become aware of defendants' bidrigging is well within six years prior to the filing of the Complaint (March 25, 1986). Therefore, none of the claims asserted by the United States of America under the False Claims Act are time barred. Defendants are jointly and severally liable for twenty-four civil penalties of $2,000 (based on ten false claims submitted to the United States through the Chester Sewer District and fourteen false claims submitted to the United States through the Grand Strand Water & Sewer Authority), and in addition are jointly and severally liable for two additional civil penalties based upon the two conspiracies. *United States v. Cripps*, 460 F.Supp. at 975; *United States v. Salvatore*, 140 F.Supp. 470, 471 (E.D.Pa.1956). Twenty-six civil penalties of $2,000 each may therefore by assessed, for a total of $52,000 in civil penalties.

Based on the foregoing reasons and the cited authorities, defendant's motion to dismiss the False Claims Act causes of action based on expiration of the statute of limitations is denied.

The motion of the United States for summary judgment on the False Claims Act claims as to liability and civil penalties is granted. There being no just reason for delay the Clerk is directed to enter judgment in the amount of $52,000 against defendants CFW Construction Co., Inc., Frederick M. Young, Preston Carroll Co., Inc., and Frank A. Shepherd, jointly and severally. Material issues of fact remaining in dispute on the amount of damages sustained by the United States, its motion for summary judgment as to damages is denied.[1]

---

1. The Plaintiffs' Unfair Trade Practices claim, counts seven (7) and eight (8) of the March 25, 1986, complaint, is clearly time barred by the three year statute of limitations. S.C.Code Ann. § 39–5–150 (Law Co-op.1976). Therefore, defendants' motion to dismiss counts seven (7) and eight (8) is granted. Rule 12(b)(6), Fed.R. Civ.Proc.

Additionally, the court's rulings from the bench at the September 30, 1986, hearing are to serve as the order of the court for all matters disposed of at the hearing but not delineated in this order.