**COMPETITIVE ASSOCIATES, INC. and Competitive Capital Corporation, Plaintiffs,**

v.

**FANTASTIC FUDGE, INC., et al., Defendants.**

**No. 72 Civ. 1845.**

United States District Court, S. D. New York.

Feb. 1, 1973.

S. Pitkin Marshall, Lawler, Sterling & Kent, New York City, for plaintiffs.

Leonard Toboroff, New York City, for defendants.

## MEMORANDUM

STEWART, District Judge:

Chartered New England Corp., "Chartered", one of the defendants in the above-entitled action, moves for an order to dismiss the complaint on the grounds that it fails to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure and that the complaint is time-barred. Chartered also asks this Court for an order requiring plaintiffs to post an undertaking as and for security for costs and reasonable attorney's fees pursuant to § 11(e) of the Securities Act of 1933, § 9(e) of the Exchange Act of 1934 and Rule 2 of the Civil Rules of this Court.

Basically, the suit sets forth two causes of action. The first claim brought

under § 12(1) of the 1933 Act asserts that plaintiffs were injured by reason of the failure of the seller defendants to supply a prospectus to the plaintiff, Competitive Associates, Inc., upon its purchase of shares of the corporate defendant Fantastic Fudge, Inc. Chartered is a broker-dealer registered with the Securities and Exchange Commission. With respect to the particular offering in question, Chartered is alleged to have sold to Competitive Associates on March 17, 1971 4,500 shares of Fantastic Fudge, Inc. for a total purchase price of $31,500. The second cause of action is based on §§ 11, 12(2) and 17(a) of the 1933 Act and §§ 10(b) and 15(c) of the 1934 Act charging all defendants with a conspiracy to defraud the plaintiffs in the purchase of securities by reason of omissions in the Issuers' prospectus of required and necessary material facts and the use of other various deceptive devices. Chartered denies participation in the alleged conspiracy, asserting it was neither an underwriter nor an issuer of the shares in Fantastic Fudge, but was merely a member of the selling group.

## I. *Motion to Dismiss*

Defendant's first argument in support of its motion to strike is that the complaint is time-barred by the express provisions of § 13 of the 1933 Act which require that an action to enforce liability be brought within one year after the violations upon which it is based. It is defendant's contention that since plaintiffs allege they purchased stock from all defendants between March 17, 1971 and May 3, 1971, and specifically, that they purchased stock from Chartered on March 17, 1971, and that the complaint was filed on May 4, 1972, it follows that the action is time-barred and that the complaint should be dismissed. This argument is without merit.

█ As a general rule, although the parties can raise the defense of the statute of limitations on a motion to strike under rule 12(b), if there is a question

of fact as to the existence of the defense, the issue cannot be determined on affidavits. (Moore's, Federal Practice, § 12.10). For convenience, we will discuss separately the applicable sections of the Securities Act of 1933 and the Exchange Act of 1934.

█ First, with respect to §§ 12(1), 12(2) and 17(a) of the 1933 Act, the applicable statute of limitations is contained in § 13,

"No action shall be maintained to enforce any liability created under § *11* or § *12(2)* unless brought within one year after the discovery of the untrue statement or the omission, *or after such discovery should have been made by the exercise of reasonable diligence,* or, if the action is to enforce a liability created under § *12(1)* unless brought *within one year after the violation upon which it is based."* [Emphasis added]

With respect to the violations charged under § 12(2), it is clear from the affidavits that there exists a question of fact whether plaintiffs could have reasonably discovered sooner the untrue statements contained in the prospectus and therefore, the motion is denied as regards these counts. On the other hand, the language of the statute indicates that the § 12(1) cause of action is ordinarily barred by the explicit one year limitation period. However, courts have announced the general rule that where a federally created cause of action has been fraudulently concealed, or where the cause of action is itself to recover for fraud, a federally established period of limitations does not begin to run until discovery. Dyer v. Eastern Trust and Banking Co., 336 F.Supp. 890, 901 (N.D.Me.1971) and cases cited therein. The rule depends upon a clear allegation of fraudulent concealment, conscious deception or bad faith on the part of the defendants. Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80 (2d Cir. 1961), Dyer v. Eastern Trust, *supra.* In the affidavits, plaintiffs allege

that defendant Chartered's failure to provide a prospectus at the time of the sale of the stock was a calculated part of the conspiracy to defraud plaintiffs. Chartered, in its supporting papers, affirms that a prospectus was duly mailed to plaintiff Competitive Associates in the normal course of business. Here, where there is a question of fact as to the existence of the alleged fraudulent scheme, it seems more appropriate to deny the motion to dismiss so that the parties may proceed with discovery to determine whether Chartered intentionally failed to supply Competitive Associates with a prospectus as part of the alleged conspiracy. Accordingly, the counts founded on § 12(1) are sustained.

■ Finally, the limitation period of § 13 has no application to § 17(a). Under these circumstances, the Court will look to the forum state statute of limitations discussed below. Workers v. Hoosier Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

■ The complaint also charges defendants with violations of §§ 15 and 10(b) of the Exchange Act of 1934. Since the 1934 Act does not provide for a period of limitations in this regard, the forum state statute of limitations controls. Klein v. Bower, 421 F.2d 338 (2d Cir. 1970); Katz v. Amos Treat & Co., 411 F.2d 1046 (2d Cir. 1969). In an action based on fraud, New York CPLR §§ 213 and 203 provide that the suit must be commenced within six years, computed from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it. Therefore, the counts founded on §§ 15, 10(b) and 17(a) are likewise sustained.

■ The basis for Chartered's second ground for dismissal is that Chartered was not a participant in the alleged conspiracy in connection with the issuance of Fantastic Fudge stock, but rather, was only a member of the selling group and sold a relatively small number of shares to Competitive Associates in the regular course of business. At this stage of the action, we are without sufficient facts to determine this issue. There remain questions of fact as to the nature and extent of moving defendant's involvement in the alleged illegal scheme and therefore the motion to dismiss is denied.

II. *Request For The Posting of a Bond*

■ On this same motion, Chartered seeks an order granting security for costs and attorney's fees pursuant to § 11(e) of the Securities Act, § 9(e) of the Exchange Act and Rule 2 of the Civil Rules of this District. This Court concurs in the memorandum decision of Judge Brieant of October 10, 1972, in a closely related case, Competitive Associates, Inc. and Competitive Capital Corp. v. International Health Sciences, Inc. et al., 72 Civ. 1848, in which he states that this Court lacks power to require the deposit of security for estimated attorney's fees since the provisions of §§ 11 and 9 are not applicable under the circumstances of this case. On the facts alleged, we cannot conclude that plaintiffs' action is entirely without merit or that plaintiffs demonstrate a lack of good faith. Although the number of actions brought concerning this transaction and the generality of the complaint suggest, as Judge Brieant indicates, something in the nature of "strike suits", it appears to this Court that plaintiffs assert a colorable claim.

However, this Court may direct the posting of a bond for costs pursuant to Civil Rule 2 of the local rules of this Court. In light of the opinion of Judge Brieant and in consideration of the costs that the defendants will bear during the discovery proceedings, we conclude that such a bond is appropriate. Judge Brieant's determination that approximately $200 for each defending party will be spent for transcripts and related disbursements during discovery proceedings seems reasonable to this Court. Plaintiffs are hereby required to file a

single original bond for costs pursuant to Civil Rule 2 in the amount of $2,400. which will benefit, jointly and severally, all defendants who appear in this action.

So ordered.