J. H. COHN & CO. Self-Employment Retirement Trust, et al., Plaintiffs-Appellants,

v.

AMERICAN APPRAISAL ASSOCIATES, INC., et al., Defendants-Appellees.

The EVERGREEN FUND INC., on its own behalf and on behalf of all other persons similarly situated, Petitioner,

v.

Hon. Robert W. WARREN, United States District Judge for the Eastern District of Wisconsin, Respondent.

Nos. 79–2525, 79–2539.

United States Court of Appeals, Seventh Circuit.

Argued April 29, 1980.

Decided Aug. 1, 1980.

Robert S. Warshaw, P. C., New York City, for plaintiffs-appellants.

W. Stuart Parsons, Quarles & Brady, David J. Hase, Foley & Lardner, David J. Cannon, Milwaukee, Wis., for defendants-appellees.

Before SPRECHER, Circuit Judge, MARKEY, Chief Judge,* and WOOD, Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

This case is a consolidation of two separate proceedings. In the first, No. 79–2539, *The Evergreen Fund v. The Honorable Robert W. Warren*, the petitioner asks this court to issue a writ of mandamus directing Judge Warren to certify the case as a class action. The second, No. 79–2525, *J. H. Cohn & Co. Self-Employment Retirement Trust v. American Appraisal Associates*, is an appeal from the district court's order dismissing the complaint because the action was barred by the applicable statute of limitations.

## I. Background

In 1975 petitioner, The Evergreen Fund, Inc., an open-end diversified mutual fund, filed a class action complaint in the United States District Court for the Southern District of New York. The complaint identified as the class of plaintiffs all persons who purchased securities of American Appraisal Associates, Inc. from June 9, 1971 to February 7, 1974. It named as defendants American Appraisal; its subsidiary Cole-Layer-Trumble Company (CLT); Arthur Andersen & Co., American Appraisal's certified public accountants; Smith Barney & Co., Inc., the principal underwriter of American Appraisal's stock sold pursuant to a prospectus dated June 9, 1971; and various individuals who were officers and/or directors of American Appraisal or CLT during the period from June 9, 1971 to February 7, 1974. The complaint alleges that in the June 9, 1971 prospectus, as well as in a variety of annual and interim docu-

---

* Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

ments filed with the Securities and Exchange Commission concerning the financial condition of American Appraisal, press releases, letters to shareholders, and other oral and written communications to the financial community issued between March 1971 and March 1974, the individual defendants and American Appraisal willfully or recklessly made material misrepresentations or omitted to state material facts. Defendant Arthur Andersen allegedly aided and abetted American Appraisal by contributing to the misleading nature of the prospectus and other financial documents issued during the relevant period. Defendant Smith Barney allegedly contributed to the material misrepresentations and omissions of material facts contained in the prospectus. The complaint further alleged that The Evergreen Fund and other class members were unaware that the various documents and communications contained untrue facts and also were unaware of the nature of the material facts omitted. In reliance on the misrepresentations and because of the material omissions the plaintiffs, throughout the relevant period, allegedly purchased the securities of American Appraisal at a market price which was inflated due to the omissions and misrepresentations. The complaint charged that this conduct by the defendants was in violation of Sections 10(b), 18(a), and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78r(a), 78t (1976); rule 10b–5 promulgated pursuant to Section 10(b), 17 C.F.R. § 240.10b–5; and common law fraud.

Prior to filing an answer to the complaint, American Appraisal moved the district court for a change in venue pursuant to 28 U.S.C. § 1404(a). The court, after receiving certain assurances from the defendants, transferred the case to the Eastern District of Wisconsin. At that point The Evergreen Fund requested Judge Warren to certify the case as a class action. In an order dated June 21, 1977, Judge Warren refused to certify the class. Approximately two and one-half weeks later some seventy-five purchasers of American Appraisal stock, all of whom, like The Evergreen Fund, were investment advisory clients of Lieber & Company, a registered broker-dealer and investment advisor, filed a motion to intervene in the case. Judge Warren denied the motion. Thereafter, the plaintiffs sought reconsideration of Judge Warren's order refusing to certify the class or to permit intervention.

While the motion for reconsideration was pending, sixty-four Lieber & Company investment advisory clients, all of whom had sought to intervene in the first action, commenced a lawsuit in the District Court for the Eastern District of Wisconsin. Their complaint was nearly identical to the first class action complaint filed by The Evergreen Fund. The defendants moved to dismiss this complaint on the grounds that the applicable Wisconsin statute of limitations barred the action. On November 16, 1979 the district court entered separate orders in the two proceedings. In the first, it denied the plaintiffs' requests for reconsideration. In the second, Judge Warren dismissed the complaint because it was barred by the statute of limitations.

As to the first complaint The Evergreen Fund petitioned this court for a writ of mandamus to require Judge Warren to certify the case as a class action. The plaintiffs in the second case filed a notice of appeal seeking review of the dismissal. This court ordered the cases consolidated for the purposes of briefing and oral argument.

## II. *Mandamus Relief*

■ The Evergreen Fund could not appeal Judge Warren's decision not to certify the case as a class action because of the Supreme Court's decision in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), which held that an order refusing to certify a class action was not appealable. *See also Anschul v. Sitmar Cruises, Inc.*, 544 F.2d 1364 (7th Cir.) (in banc), *cert. denied*, 429 U.S. 907, 97 S.Ct. 272, 50 L.Ed.2d 189 (1976). As an alternative means of obtaining review from this court, Evergreen filed a petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. In the petition Ever-

green asks us to compel the district court to certify the class.

 Mandamus relief is reserved for extreme situations. It does not serve as a substitute for appeal even though delay may result in inconvenience and added expense. *Schlagenhauf v. Holder*, 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 382–84, 74 S.Ct. 145, 147–49, 98 L.Ed. 106 (1953). Nor does mandamus relief run the spectrum of appealable error. *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 661, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978); *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). A writ of mandamus is reserved for extraordinary situations because of the interest in discouraging piecemeal appeals, which is in line with the congressional judgment that, as a general rule, appellate review should await the entry of final judgment by the trial court. *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

Traditionally, the federal courts employed the writ only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). More recently the Supreme Court has indicated that a court of appeals may issue a writ of mandamus as part of its advisory or supervisory authority over the district courts. For instance, the writ is appropriate where a district court persists in disregarding an admonition of the court of appeals in a manner that disrupts the

administration of justice. *Will v. United States*, 389 U.S. at 105–06, 88 S.Ct. at 279; *La Buy v. Howes Leather Co.*, 352 U.S. 249, 258, 77 S.Ct. 309, 314, 1 L.Ed.2d 290 (1957). The writ also is properly used to avoid numerous later appeals by formulating necessary guidelines which will settle a new and important question. *Schlagenhauf v. Holder*, 379 U.S. at 111–12, 85 S.Ct. at 238–40. *See also* Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3934 (1977). Even then, the petitioner, in order to secure a writ, must have no other adequate means of attaining the relief desired, *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725, and must establish that the right to issuance of the writ is "clear and indisputable." *Will v. Calvert Fire Insurance Co.*, 437 U.S. at 662, 98 S.Ct. at 2557; *Bankers Life & Casualty Co. v. Holland*, 346 U.S. at 384, 74 S.Ct. at 148; *Chicago Housing Authority v. Austin*, 511 F.2d 82, 83 (7th Cir. 1975).

 The record before us fails to demonstrate a clear and indisputable right for the drastic remedy of mandamus. The district court ruled that issues of materiality, scienter, damages, and the statute of limitations were individual issues with respect to each member of the class and that there were individual questions of reliance and due diligence which were peculiar to the named plaintiff. The court therefore concluded that class certification would be inappropriate because serious questions were presented concerning the predominance of the issues common to the class over individual issues, the typicality of the named party's claims and defenses, and the adequacy of the named plaintiff's representation.[1]

---

1. Under rule 23(b)(3) of the Federal Rules of Civil Procedure, a case may be certified as a class action if

 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class,

and

 the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Judge Warren specifically found that the requirements of numerosity and commonality of questions of law or fact were satisfied.

An in-depth examination of the propriety of Judge Warren's ruling on the class certification question is not required. Since all that is at issue is mandamus relief it is sufficient to note that a decision to certify a class action rests in the discretion of the district court, *Vervaecke v. Chiles, Heider & Co.*, 578 F.2d 713, 719 (8th Cir. 1978); *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 25 (7th Cir. 1975), and that the district court did not usurp its judicial power or indisputably abuse its discretion in ruling not to certify the class.[2] *Will v. United States*, 389 U.S. at 95 & n.4, 88 S.Ct. at 273 & n.4.

■ In order to establish securities fraud liability a plaintiff, among other things, must show that the defendants willfully or recklessly made material misrepresentations or omitted to communicate material facts. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Sunstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir.), *cert. denied*, 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977); *S E C v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (2d Cir. 1968) (in banc), *cert. denied*, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969). The present complaint involved forty-nine purchases of American Appraisal stock occurring throughout a period of thirty-three months. The alleged material misrepresentations were contained in several different oral and written communications issued at various times during this period. Individual class members would thus have to establish that information available to them prior to their purchases contained material misrepresentations or omitted to state material facts. A purchaser following only the June 1971 prospectus would face a different question of proof on the materiality issue than one purchasing in 1974 after a great deal more information concerning American Appraisal was available.[3] Likewise, on the issue of scienter, a purchaser early in the period would face different proof concerning the defendants' willfulness or recklessness in issuing or omitting to issue material information than a purchaser later in the period. In addition, although much less important, individual issues exist as to damages and the statute of limitations. Altogether, these individual issues suggest that Judge Warren did not indisputably abuse his discretion in finding that questions common to the class did not predominate over individual issues.

Furthermore, the defendants arguably have available a defense peculiar to the named plaintiff, The Evergreen Fund, that is less available against the other class members. The Evergreen Fund is a sophisticated investor very familiar with financial statements. Such an investor may not be as justified in relying on any material misrepresentations or omissions of material facts as other purchasers of American Appraisal stock. While the availability of a defense of justifiable reliance is not clearly

---

2. Four justices of the Supreme Court have indicated that when a matter is committed to the discretion of a district court a writ of mandamus is not appropriate. *Will v. Calvert Fire Insurance Co.*, 437 U.S. at 666, 98 S.Ct. at 2559 (1978) (opinion of Rehnquist, J.).

This court, in dictum, has previously indicated that a writ of mandamus may issue directing a district judge to certify a class if the refusal to certify was totally arbitrary. *Anschul v. Sitmar Cruises, Inc.*, 544 F.2d at 1368 n.5. Petitioner's counsel in this case charges that Judge Warren acted arbitrarily in that he did not read the briefs submitted on the class certification question. Such a charge is totally unsupported by the record.

3. The petitioner argues that here the defendants engaged in a common course of conduct consisting of a series of interrelated misrepresentations and omissions contained in the complaint. We feel the district court did not abuse its discretion in concluding that the changing factual situation over a thirty-three month period undercuts the predominance of any common course of conduct.

Petitioner relies on *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1974), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976), for its argument that the case must be maintained as class action. In *Blackie* the district court certified a case as a class action and the Ninth Circuit held that the trial court was within its discretion in certifying the class. *Blackie* did not hold that it was an abuse of discretion not to certify the class.

settled,[4] this court has indicated that the presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. *Koos v. First National Bank of Peoria*, 496 F.2d 1162, 1164–65 (7th Cir. 1974). The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer. *Id.* Under the circumstances, we cannot say that Judge Warren arbitrarily refused to certify the class.[5]

In addition, the decision not to certify the class is effectively reviewable following final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. at 469, 98 S.Ct. at 2458. This strongly counsels against the issuance of a writ of mandamus. *Kerr v. United States District Court*, 426 U.S. at 403, 96 S.Ct. at 2124; *Bauman v. United States District Court*, 557 F.2d 650, 654 (9th Cir. 1977).

Finally, we see no need to employ a writ of mandamus as an advisory or supervisory mechanism. Petitioner has not drawn to our attention, nor are we independently aware, of any persistent abuse of discretion in certifying class actions by Judge Warren or other district judges of this circuit. Furthermore, this is not a situation presenting a new and important problem, a decision on which is necessary to formulate guidelines and thus save judicial resources by avoiding numerous later appeals. Review of the decision following final judgment will adequately serve any need for instructing the district court.

Under the circumstances presented, use of a writ of mandamus to compel Judge Warren to certify the class would permit mandamus to serve as a substitute for appeal and would undermine the policy favoring one appeal following final judgment. The writ is denied without prejudice to the right of the petitioner to complain of error on an authorized appeal.

### III. *Statute of Limitations*

Plaintiffs in the second case argue that Judge Warren erred in ruling that the lawsuit was barred by the applicable statute of limitations.[6] They contend that the defendants waived their right to assert the statute of limitations or, alternatively, are estopped from asserting it.

As we mentioned above in setting forth the procedural background of the proceed-

---

**4.** There are some indications that following *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668, a due diligence defense is no longer available to securities fraud defendants. While it seems clear that the nature of the due diligence defense has changed, it does appear that, at least where the defendants' actions are reckless, the defendants may defend by showing that the plaintiff was not justified in relying on any reckless omission or representation. *See Dupuy v. Dupuy*, 551 F.2d 1005, 1013–20 (5th Cir.), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); *Sunstrand Corp. v. Sun Chemical Corp.*, 553 F.2d at 1044; Note, *Reliance and Private 10b–5 Actions*, 88 Harv.L.Rev. 584, 602 -06 (1975); Comment, *A reevaluation of the Due Diligence Requirement for Plaintiffs in Private Actions Under SEC Rule 10b–5*, 1978 Wis.L.Rev. 904; *but see Holdsworth v. Strong*, 545 F.2d 687 (10th Cir. 1976), *cert. denied*, 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 805 (1977).

**5.** There do not appear to be any cases in which a court of appeals issued the writ directing a lower court to certify a class.

**6.** No statute of limitations is provided for in civil actions under section 10(b) of the Securities Exchange Act of 1934. Federal courts apply the limitations period applicable to the forum state's most closely analogous state law cause of action. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n.29, 96 S.Ct. 1375, 1389 n.29, 47 L.Ed.2d 668 (1976). We have recently held that the appropriate limitations period for a Wisconsin forum case under section 10(b) is Wis.Stat. § 551.59(5), which provides for a three-year limitations period after the conduct constituting the violation or one year after the discovery of the facts constituting the violation, whichever is shorter. *Cahill v. Ernst & Ernst*, 625 F.2d 151 (7th Cir. 1980). In contrast, the relevant New York limitations period is six years from the occurrence or two years from discovery, whichever is longer. *Competitive Associates, Inc. v. Fantastic Fudge, Inc.*, 58 F.R.D. 121, 124 (S.D.N.Y.1973).

ings, the first complaint was originally brought as a class action in the Southern District of New York. Prior to defendants' answer to the complaint and prior to a decision on the class certification issue, the court ruled that the lawsuit should be transferred to the Eastern District of Wisconsin. In its order transferring the case the court stated:

> By letter dated May 5, 1976, counsel for the moving defendants, Mr. Sanford M. Litvack, represented to the court and to plaintiff's counsel that upon transfer of this action to the Eastern District of Wisconsin, defendants would not assert or claim that the Wisconsin statute of limitations should be applied to this litigation. In any event, transfer of this action is conditioned on the fact that no defendant will raise a statute of limitations defense in the Eastern District of Wisconsin.

After the transfer Judge Warren, while finding that some of the prerequisites for maintaining the case as a class action were met, ruled that the case should not properly be maintained as a class action. Thereafter, sixty-four purchasers of American Appraisal stock, all of whom were members of the class which The Evergreen Fund sought to have certified, filed individual suits in the Eastern District of Wisconsin. Defendants moved to dismiss these suits on the ground that they were barred by the applicable Wisconsin statute of limitations. Judge Warren agreed with the defendants and dismissed the lawsuits. .

Defendants, in response to plaintiffs' contentions of waiver and estoppel, claim that the conditions placed on the transfer were limited to the specific litigation before the court at the time of the transfer. Since the later suits brought in Wisconsin were insti-

tuted by unnamed members of the class in the first case, the defendants contend that the representations made to the court and to counsel for The Evergreen Fund in no way prevent them from asserting the statute of limitations. We disagree.

██ Recently, in *Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir. 1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 762 (1980), we had occasion to discuss the principles of waiver and estoppel. Waiver, we pointed out, focuses on intent. If an individual intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it. Estoppel, on the other hand, focuses on the effects of the conduct of the obligee. It arises when a party's conduct misleads another into believing that a right will not be enforced and causes the other party to act to his detriment in reliance upon this belief. *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959); *Saverslak*, 606 F.2d at 213.

██ In this case the representation made by defendants concerning the assertion of the statute of limitations in the context of this case was ambiguous. For this reason we cannot conclude that defendants intentionally relinquished the right to assert the statute of limitations against these plaintiffs. We feel, however, that the representation of the moving defendants that they would not assert the limitations period, which was incorporated by the court and thus made binding on all the defendants, misled the plaintiffs to their detriment.[7]

██ At the time the moving defendants[8] represented that they would not assert the

---

7. Whether the facts proven are sufficient to constitute an estoppel is a question of law properly before this court for review. *Cf. Graubremse v. Berg Mfg. & Sales Co.*, 417 F.2d 1201, 1204 (7th Cir. 1969).

8. Defendant Smith Barney points out that only American Appraisal moved for a transfer of the case to Wisconsin and only its counsel made the representations concerning assertion of the

limitations period. In this case, given the strong policy reasons favoring plaintiffs' reliance on the possibility of maintenance of the case as a class action, we feel Smith Barney's acquiescence in the representation, and the court's incorporation of the representation, which made it binding on all defendants, is sufficiently misleading conduct on the part of Smith Barney so that estoppel is appropriate.

statute of limitations in the litigation there had been no determination of the class certification issue and the complaint in the case was drawn as a class action. As Judge Warren specifically found, the case fulfilled two important prerequisites for maintenance as a class action, *viz.*, numerosity and commonality of legal and factual questions. Further, the defendants either explicitly represented that they would not assert the limitations period or acquiesced in and benefited by the decision to transfer the class complaint. Under this circumstances we feel that the unnamed class plaintiffs did not have to file nearly identical individual complaints to preserve their right to bring a future lawsuit.

Rule 23 of the Federal Rules of Civil Procedure counsels against an assertion of the statute of limitations in such a situation. Under rule 23(c)(1) whether a lawsuit will be maintained as a class action is to be determined promptly after commencement of the suit. Rule 23(c)(2) requires that notice be given to class members soon thereafter so that they may decide whether they wish to be members of the class or be excluded from it. These subparts of rule 23(c) and an underlying purpose of the class action provision—to promote efficient and economical administration of justice by avoiding several actions in those cases where a class suit is appropriate, (*American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 551, 94 S.Ct. 756, 765, 38 L.Ed.2d 713 (1974))—suggest that a defendant should be estopped from asserting the limitations period on a suggestion to unnamed class members that they would not assert the statutory period in the litigation. *See Glus*, 359 U.S. at 233, 79 S.Ct. at 762 (estoppel appropriate where one is lulled into a false security). Given the nature of this proceeding where the representation, acquiescence, and incorporation in the order, occurred while the class decision was pending, the un-

named plaintiffs were justifiably misled into relying on defendants' conduct in not filing suit earlier.[9]

We also note that defendants are not prejudiced by having to defend against the second action. The second complaint is nearly identical to the first complaint. In addition, the class question was a close one. The defendants, thus, were on notice of the strong possibility of having to defend against a large group of purchasers. No prejudice results from the reversal of the dismissal of the second complaint.

Defendants claim that estoppel is inappropriate because plaintiffs admit in their brief that they apparently could have brought the second suit in New York without a statute of limitations problem. Since the district court in New York clearly ruled that the case was most proper in the Eastern District of Wisconsin, we feel it would be inefficient and uneconomical to require the plaintiffs to have commenced their suit in New York only to have it transferred to the more appropriate Wisconsin forum. The plaintiffs justifiably relied on the transferring order, which incorporated the defendants' positions, in their selection of the Eastern District of Wisconsin as the appropriate forum.

### IV. *Attorney's Fees and Other Sanctions*

Finally, plaintiffs ask this court to award them counsel fees and impose other sanctions against defendants because of their bad faith conduct which prevented a just and speedy resolution of the case. They rely on rule 1 of the Federal Rules of Civil Procedure and *State of Ohio v. Crofter, Inc.*, 75 F.D.R. 12 (D.Colo.1977), *aff'd* 570 F.2d 1370 (10th Cir. 1978).

First, we note that the petitioner did not ask this court to issue sanctions in its petition for a writ of mandamus. In addition, plaintiffs in the second action did not raise the issue of sanctions or attorney's

---

**9.** Defendants contend that the fact that they were unaware of the identity of these plaintiffs at the time of the transfer means that the representations incorporated into the court decree should not apply to these then unnamed plaintiffs. Estoppel, however, looks to the de-

trimental reliance caused by the misleading conduct of a party. Here, it is sufficient to note that the unnamed class members were justified in relying on the representations or acquiescence of the defendants which led to the conditions in the transferring order.

fees in the district court. Therefore, the issue is not properly before this court. C. Wright, Law of Federal Courts § 104 at 523 (3d ed. 1977). In addition, we do not believe that in this case the defendants have exhibited bad faith conduct such that justice requires the imposition of sanctions. The defendants have merely zealously defended their interests in the litigation. We do not find conduct amounting to bad faith requiring the imposition of attorney's fees or other sanctions.[10]

Accordingly, the petition for a writ of mandamus is denied, and the order dismissing the complaint in the second action is reversed.

---

\* Judge Swygert dissenting.

**10.** *State of Ohio v. Crofters, Inc.*, 75 F.R.D. 12, is of no guidance as it involved sanctions under rule 37(b)(2), Fed.R.Civ.P., for failure to comply with discovery.