Billie **DAVIS**, Libellant,

v.

**Ernest Harold NELSON, etc., et als.,**
Respondents.

**In Admiralty No. 276.**

United States District Court
E. D. Virginia,
Newport News Division.
April 1, 1960.

Burt M. Morewitz, Newport News, Va., for libellant.

Harry E. McCoy, Jr. and William B. Eley, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, District Judge.

This matter came on for hearing on the exceptions of American Export Lines,

Inc., filed herein, raising a plea of laches/limitations, at which time the Court heard and received the testimony of libellant, Billie Davis, given ore tenus on February 14, 1958. Having reviewed the pleadings as filed herein and fully considered the testimony of libellant, the statements, admissions and argument of counsel, the Court doth now make the following:

Findings of Fact

1. This libel was filed in this Court on May 15, 1956.

2. The libel alleges a cause of action arising on May 17, 1949.

3. There was a delay of approximately seven years between the date of the alleged cause of action and the date on which the libel was filed.

4. At the time of his accident, libellant was a longshoreman employed by Atlantic and Gulf Stevedores, Inc.

5. On the date of his accident, May 17, 1949, libellant was working aboard the American Steamship Exporter, berthed at Pier 8, C & O Piers, Newport News, Virginia.

6. The American Steamship Exporter is owned, operated, managed and controlled by American Export Lines, Inc.

7. On the date of the accident, May 17, 1949, and at all times thereafter, American Export Lines, Inc. has maintained an office and transacted business in the City of Norfolk, Virginia.

8. It is alleged in the libel that the injury to libellant occurred when several bales of tobacco which were being lifted from the hold of the vessel fell and struck the libellant who was working in the hold of the SS Exporter.

9. It is alleged in the libel that the injuries to libellant were very severe and rendered libellant totally disabled until January, 1952, and thereafter, libellant progressively improved, but at the time of hearing still had some disability.

10. At all times alleged in the libel, the respondent, American Export Lines, Inc., had a contract with Atlantic and Gulf Stevedores, Inc., whereby the said stevedores were to perform all stevedoring services and functions for American Export Lines, Inc. in the port of Hampton Roads, Virginia. Among the provisions of this contract were the following:

"6. *Insurance*: The rates quoted include the cost of, and the Contractor agrees to maintain in full force and effect Workmen's Compensation Insurance covering the Contractor's statutory and common law liability for injury or death sustained by its employees, which Workmen's Compensation Insurance policies shall contain a waiver of any right over, right of subrogation, or right of lien either the Contractor or the Workmen's Compensation Underwriter may have against the above named Owner, Agent or Charterer and its principals, in connection with any compensation, medical benefits or any moneys paid to or for any person, no matter how injury or death occurs. The rates quoted further include the cost of, and the Contractor agrees to maintain in full force and effect Public Liability Insurance covering both the Contractor's and the above named Owner's Agent's Charterer's and its principals liability for injury, including death, sustained by any person arising out of operation performed hereunder, as well as the above named Owner's, Agent's or Charterer's or its principals' liability for injury, including death, sustained by any officer, agent, or employee of the Contractor, no matter how injury or death occurs, such Public Liability Insurance to be in the amount of $200,000 for death or injury of one person and $1,000,000 for death or injury of more than one person in a single accident.

"The Contractor will indemnify and hold harmless the above named Owner, Agent or Charterer and its principals from (a) any claim for injury, including death to any employee, officer, agent of Contractor, no matter how caused: (b) any claim or right over, right of subrogation,

or right of lien Contractor or its underwriters may have against the above named Owner, Agent or Charterer and its principals in connection with compensation, medical benefits, or any moneys paid by Contractor or its underwriters to any person, no matter how injury or death occurs: (c) any claim for injury, including death to any person engaged in any way or manner in the performance of operations under this contract.

"The rates specified herein also include Social Security Taxes and Unemployment Insurance as presently payable by the Contractor."

11. After the date of the cause of action, May 17, 1949, the libellant made claim under and received compensation benefits and medical attention from Continental Casualty Insurance Company pursuant to the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq.

12. In addition to the compensation benefits, medical care and attention furnished libellant by Continental Casualty Insurance Company under the Longshoremen's and Harbor Workers' Act, libellant received hearings before the Deputy Commissioner, Bureau of Employees Compensation, Fifth Compensation District, United States Department of Labor, at Norfolk, Virginia.

13. No award was ever entered by the Deputy Commissioner, Bureau of Employees Compensation.

14. Libellant was informed by Attorneys for Continental Casualty Insurance Company, at least by 1953, that any rights he cared to enforce would have to be taken on his own initiative.

15. Libellant consulted his union steward concerning his rights.

16. Libellant consulted a practicing attorney in Newport News, Virginia, in 1953, concerning his legal rights.

17. Libellant is a colored man fifty-four years of age, educated through the second grade.

18. Continental Casualty Insurance Company is both the workman's compensation insurance carrier and also the liability insurance carrier for Atlantic and Gulf Stevedores, Inc.

19. It is alleged in the Motion to file an Amended Libel that Continental Casualty Company paid libellant Eight Thousand Two Hundred Forty-one Dollars and Forty-three Cents ($8,241.43) on account of workman's compensation.

20. There is no evidence whatsoever that any misrepresentations were made to libellant.

### Conclusions of Law

1. This suit is barred by the doctrine of laches due to the delay of approximately seven years between the date on which the cause of action arose and the date on which suit was filed.

2. Although libellant received compensation under the Longshoremen's and Harbor Workers' Compensation Act, there was never an award entered by the Deputy Commissioner under that Act and therefore, libellant has at all times remained in charge, custody and control of his alleged cause of action.

3. Respondent was amenable to service of process at all times subsequent to the date on which the alleged cause of action arose.

4. The motion of libellant to file an Amended Libel naming Continental Casualty Company and Atlantic and Gulf Stevedores, Inc. as additional parties respondent should be denied.

5. This case is governed by Redman v. United States, 2 Cir., 176 F.2d 713 and not by Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L. Ed. 1387.

6. Libellant has offered no excuse or justification, cognizable in admiralty, law or equity for the delay between the date of his accident and the date on which this libel was filed.

7. This suit, being barred by laches, must be dismissed as a matter of law.