Dora White **RIDDICK**, Appellant,

v.

**BALTIMORE STEAM PACKET COM-
PANY**, a corporation, Appellee.

No. 10826.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 10, 1967.

Decided March 6, 1967.

Fine, Fine, Legum, Schwan & Fine, Norfolk, Va., on brief for appellant.

Charles F. Tucker, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

On February 5, 1965, Dora White Riddick filed her libel in admiralty seeking damages under the Jones Act and for failure of libellee to furnish a seaworthy vessel. Included in the libel was a count for maintenance and cure. In substance libellant (hereafter Riddick) claimed that she had contracted a skin disease, affecting the fingers of both hands, from detergents provided by libellee (hereafter respondent) and used by her in the performance of her duties as a maid. The libel, as amended, alleged that Riddick left the employment of respondent on July 25, 1961, and that respondent had not been prejudiced by the filing of the libel more than three and one-half years after the cause of action arose.

Respondent filed exceptions to the sufficiency of the libel on the grounds that the libel showed on its face that the asserted causes of action were barred by the applicable statute of limitations and the admiralty doctrine of laches. At the hearing on the exceptions the lower court considered the pleadings, the discovery deposition of Riddick, a stipulation as to facts and argument of counsel. The court gave Riddick a period of thirty days within which to produce evidence to show lack of prejudice to respondent because of delay in filing the libel but no such evidence was produced. The court then

sustained respondent's exceptions and dismissed the libel with prejudice. Riddick has appealed.

■ Riddick concedes that the cause of action asserted under the Jones Act is barred by the three-year statute of limitations. In Giddens v. Isbrandtsen Co., 355 F.2d 125 (4 Cir.1966), this court held that there arises a presumption of prejudice to a libellee with respect to a claim for damages based upon unseaworthiness asserted more than three years after the cause of action has arisen and that the burden shifts to the libellant to rebut such presumption.

Riddick began to have trouble with her fingers in the latter part of 1957. Sometime in 1958 she exhibited her hands to the purser and he suggested hospital treatment but she thought her trouble was minor and continued to work. Nothing further was said until June 1960 when Riddick again went to the purser and stated that she wished to go to the hospital. She obtained a hospital slip and went to the United States Public Health Service Hospital in Norfolk where she was treated as an out-patient for about three months and until September 1960. She continued to work during the time she was receiving treatment and there was no evidence that she was unable at any time to perform her regular duties. From September 1960 until she left respondent's employ Riddick never again reported the condition of her hands to anyone on the vessel.

It was shown that Riddick left her employment on July 25, 1961, when the vessel on which she had been working was taken out of passenger service; respondent ceased doing business in 1962, released its crews and the vessel on which Riddick had been employed was sold; it was difficult if not impossible for respondent to locate witnesses, produce pertinent records, and overcome the effect of dimmed memories.

■ Thus there was not only a presumption of prejudice but unrebutted evidence of actual prejudice. Riddick did not meet her burden under Giddens v.

Isbrandtsen Co., supra, to rebut the presumption of prejudice as to the unseaworthiness count and the District Court did not abuse its discretion in applying the doctrine of laches to the count for maintenance and cure. The judgment below is

Affirmed.