Aaron R. DICKEY, Plaintiff-Appellant,

v.

ALCOA STEAMSHIP CO., INC. and
Wall Industries Incorporated,
Defendants-Appellees.

Nos. 540, 541, Dockets 80–7342, 80–7574.

United States Court of Appeals,
Second Circuit.

Argued Feb. 13, 1981.

Decided Feb. 20, 1981.

Theodore H. Friedman, New York City
(Paul C. Matthews and Fred R. Profeta, Jr.,
New York City, of counsel), for plaintiff-ap-
pellant.

James M. Leonard, New York City
(McHugh, Leonard & O'Conor, Janet D.
Baker, New York City, of counsel), for de-
fendant-appellee Alcoa Steamship Co., Inc.

Frank H. Loomis, New York City (Hill,
Betts & Nash, New York City, Benjamin E.
Haller, New York City, of counsel), for de-
fendant-appellee Wall Industries, Inc.

Before FEINBERG, Chief Judge, and
LUMBARD and MULLIGAN, Circuit
Judges.

PER CURIAM:

Aaron R. Dickey appeals from a grant of
summary judgment in favor of defendants-
appellees in the United States District
Court for the Southern District of New
York, Constance B. Motley, J. In an opin-
ion dated March 25, 1980, Judge Motley
dismissed appellant's action, which sought
compensation for injuries incurred in a ship-
board accident in 1968, on the ground of
laches, concluding that appellant had failed
to show a sufficient excuse for his delay in
bringing the suit and that defendants
would be unfairly prejudiced in defending
the action at this point. In a subsequent
opinion dated June 9, 1980, Judge Motley,
among other things, granted defendant Al-
coa's motion to amend the opinion to correct
certain factual errors.

Dickey, a merchant seaman, lost both legs
when a rope, manufactured by defendant

Wall Industries, severed aboard a ship owned by defendant Alcoa during a docking maneuver in March 1968. After a number of discussions with Tommy Molony, a representative of Alcoa, Dickey agreed in June 1968 to sign a general release in exchange for $260,000 and payments already made for his hospital care. An attorney for Alcoa flew the next day from New York to Florida, where Dickey lived, for the signing of the release, which simply memorialized the terms previously agreed upon by Dickey and Molony. Dickey then signed the release at a meeting at his home, in the presence of both Molony and the New York lawyer.

Appellant first claims that the defense of laches is altogether unavailable to defendant Alcoa because it took advantage of appellant in securing the release by pressuring him into abandoning his rights while he was heavily medicated and in pain, by failing to explain to him all of the rights he was giving up, and by giving him inadequate compensation for his injury. This argument rests essentially on the traditional clean-hands principle of equity, see *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232–34, 79 S.Ct. 760, 761–762, 3 L.Ed.2d 770 (1959). In *Glus*, however, the Court held that the laches defense should be denied and petitioner given an opportunity to try his case on the merits "if he can prove that respondent's responsible agents . . . conducted themselves in such a way that petitioner was justifiably misled into a good-faith belief that he could begin his action at any time within seven years after it had accrued." *Id.* at 235, 79 S.Ct. at 763. We do not agree that the allegations of Dickey's complaint make out a claim of fraudulent behavior on the part of Alcoa's representatives comparable to the misleading representations alleged in *Glus*. Indeed, no allegation at all has been made that Dickey was misled or induced by false statements into signing the release. Under these circumstances, Judge Motley did not abuse her discretion in declining to hold that Alcoa could not raise the laches defense.

Moreover, we find no reversible error in the district court's application of the principles of laches to the circumstances of this case—a matter that is itself "addressed to the discretion of the trial court." *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 534, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956), quoting *Gardner v. Panama R. Co.*, 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1950). See also *Public Administrator v. Angela Compania Naviera, S.A.*, 592 F.2d 58, 63–64 (2d Cir. 1979). Dickey has not offered any substantial excuse for his delay of ten years in bringing this action. In essence, he asserts no more than that he believed the terms of the release, which stated that he abandoned "every right and claim [he had] for damages as well as for past, present and future maintenance, cure and wages," and that he did not know that such a release might not be legally binding under some circumstances. These claims fall far short of the kind of showing we have in the past found sufficient to discharge a plaintiff's burden of demonstrating excuse for delay, see, e. g., *Larios v. Victory Carriers, Inc.*, 316 F.2d 63, 67 (2d Cir. 1963), and do not suffice to preclude the court from applying the doctrine of laches.

Finally, we agree that appellant has also failed to establish lack of prejudice to defendants as a consequence of his delay—a showing on which he also bore the burden of persuasion. See *Larios, supra*, 316 F.2d at 67. Beyond the inevitable difficulties involved in holding any trial ten years after the events in question, Alcoa would be seriously hampered in its defense based upon the release by the unavailability of Tommy Molony, who is now deceased. Molony's account of his discussions with appellant would obviously be of critical importance in evaluating the claims of overreaching, of appellant's lack of understanding of the rights being given up, and even of the inadequacy of the compensation being offered. Judge Motley was entirely justified in finding that this prejudice support a judgment of laches.

Similarly, the fact that the rope involved has been destroyed leaves defendant Wall Industries without critical evidence for its defense as the rope's manufacturer. That numerous photographs of the rope have been preserved lessens, but certainly does not overcome, this prejudice, since the degree of wear on the rope would probably be a key question if there were a trial.

In his brief and at oral argument, appellant has argued strenuously that the district court could not properly decide this case on a motion for summary judgment, without an evidentiary hearing. However, after a careful review of the record we are persuaded that there was no genuine issue with respect to any of the facts material to the judge's exercise of discretion in recognizing and granting the laches defense. We understand how important his claim is to appellant, and we do not minimize the terrible injury he has suffered. But sympathetic as we are to his condition, we are convinced that it would not be justified to permit this suit to proceed after so long a delay. Accordingly, the judgment of the district court is affirmed.