**Carolyn G. RANDALL, Personal Representative of the Estate of Edward E. Randall, Deceased**

v.

**MAYOR & CITY COUNCIL OF BALTIMORE, a Municipal Corporation.**

Civ. No. K–78–2363.

United States District Court,
D. Maryland.

March 31, 1981.

William H. Engelman, Paul D. Bekman and Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, Md., for plaintiff.

Benjamin L. Brown, City Sol., J. Warren Eberhardt and James L. Prichard, Asst. City Solicitors, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

In this admiralty action, Carolyn G. Randall, as personal representative of the estate of her husband, Edward E. Randall, seeks relief for injuries suffered by her husband before his death. Jurisdiction is based on 28 U.S.C. § 1333. Decedent was employed by defendant Baltimore City's Fire Department from February 1953 to March 1972, first as a water tender on a City fireboat. During the course of decedent's employment he also held the positions of assistant marine engineer and marine engineer. In 1971 decedent requested a Special Disability Retirement, claiming hearing loss and a nervous condition resulting from high noise levels in the engine rooms of the fireboats on which he worked. Following medical certification of his condition, decedent was granted the Special Disability Retirement, effective in March 1972. In early 1974 decedent died of causes unrelated to the claims involved in this action.

Plaintiff filed this suit on November 28, 1978, contending that decedent's hearing loss and nervous condition was caused by excessive noise levels in the engine rooms of the City's fireboats, and that said noise levels rendered the fireboats unseaworthy. Plaintiff seeks $150,000 in damages for decedent's medical expenses and his pain and suffering, including emotional injury.

Defendant filed a motion to dismiss and/or for summary judgment on January 5, 1979, contending, *inter alia*, that plaintiff's claim was barred by laches. That motion was denied without prejudice to timely renewal as to the laches issue, during a hearing held on April 10, 1979. By a letter dated October 8, 1979 from counsel for defendant to the Court, a copy of which is in the court file, defendant renewed its motion. After a hearing on January 7, 1981,[1] the renewed motion[2] was denied by this Court in an Order filed January 8, 1981.

Defendant, in a letter from counsel for defendant to the Court dated January 21, 1981, a copy of which is in the court file, has requested that this Court once again reconsider the question of laches in the light of two recent cases decided in the Second Circuit and the Southern District of New York which were first called to this Court's attention during the aforementioned January 7, 1981 hearing.

Since laches is an affirmative defense, the burden of proving laches is on the defendant. *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir. 1966). In order to carry that burden defendant must show lack of diligence by plaintiff, and prejudice to defendant resulting from that delay. *Costello v. United States*, 365 U.S. 265, 282,

1. All activity in the within case was stayed by this Court, with the agreement of the parties, pending a determination by the Supreme Court of the City's petition for certiorari in *Barger v. Mayor and City Council of Baltimore*, 616 F.2d 730 (4th Cir. 1980). In that case, a judgment for plaintiffs following a jury trial before Judge Murray of this Court was affirmed by the Fourth Circuit. *Barger* involved claims against the City arising out of the same allegedly excessive noise levels on the City fireboats involved herein. Certiorari review was denied by the Supreme Court of the United States on October 6, 1980. —— U.S. ——, 101 S.Ct. 105, 66 L.Ed.2d 39.

2. That motion, pursuant to Federal Civil Rules 12 and 56, is treated herein as a motion for summary judgment since documents other than pleadings are involved.

81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); *Wohl v. Keene*, 476 F.2d 171, 176 (4th Cir. 1973). Prejudice "contemplates the dispersal and inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time." *Giddens v. Isbrandtsen Co., supra* at 127.

In applying the doctrine of laches in an admiralty case, courts often look to the statute of limitations applicable to an analogous claim. *White v. Lundeberg Maryland Seamanship School, Inc.*, 57 F.R.D. 128, 131 (D.Md.1972). When a claim is brought after the analogous limitations period has run there is a presumption in favor of laches, and plaintiff must shoulder some burden of showing the absence of laches or of rebutting a presumption of undue delay on his part and of resulting prejudice to the opposing party. *Davis v. Nelson*, 285 F.2d 214 (4th Cir. 1960) (per curiam), *aff'g* 190 F.Supp. 137, 139 (E.D.Va. 1960); *White v. United States Lines*, 254 F.Supp. 480, 481 (D.Md.1965) (Northrop, J.). In *Giddens, supra*, in reversing the District Court's dismissal, "as stale," (at 126), of the plaintiff-longshoreman's suit for personal injuries, Judge Bryan, after noting (at 127) that his "conclusions * * * are confined to personal injury actions," wrote (at 128–29):

> Where limitation statutes have been accepted as helpful in admiralty suits, they have not only been analogized in time to laches, but frequently they have been further looked to as creating an evidential presumption in the ascertainment of laches. In the latter use, when the interval between injury and suit exceeds a corresponding statutory limitation, prejudice to the defendant is said to be presumed, and thereupon the plea is sustained unless the claimant pleads and proves facts "negativing" the presumption. *Davis v. Nelson*, 285 F.2d 214 (4 Cir. 1960); but cf. *Larios v. Victory Carriers, Inc.*, * * * 316 F.2d 63, 66–67 [(2d Cir. 1963)]. * * *

The pattern to be followed for decision upon a plea of laches, we think, is this. The defendant has the burden of ultimately proving inexcusable or inadequately excused delay, plus prejudice, inasmuch as laches is an affirmative defense. F.R.Civ.P. 8(c). Initially this obligation is ordinarily satisfied by the defendant's noting that the action was not commenced within the statutory time-parallel of laches, or by facts otherwise revealing a lack of vigilance. The second element—prejudice—must also be demonstrated by the defendant, but in this he is aided by the inference of prejudice warranted by the plaintiff's delay. The plaintiff is then to be heard to excuse his apparent laggardness and to prove facts manifesting an absence of actual prejudice.

However, even if the delay be beyond the perceptive statutory period, or appear inordinate on other considerations, and although it be explained only insubstantially or not at all, the defendant is not relieved of his burden of proving prejudice. But he may either rest on the inference alone or introduce additional evidence.

In the end, the court weighs the excuse, or absence of excuse, against the actual or reasonably anticipated injury. On the equities then evident, the Court allows or disallows the plea.

\* \* \* \* \* \*

* * * Considering the time lag and Giddens' evidence on lack of prejudice, the shipowner has not borne its burden. "["A"] weak excuse may suffice if there has been no prejudice". *Larios v. Victory Carriers, Inc., supra*, 316 F.2d 63, 67 (2 Cir. 1963). In this connection, it must be kept in mind, too, that a concurrence of hurt and untimeliness is necessary to constitute the defense of laches. *Costello v. United States, supra*, 365 U.S. 265, 282 [81 S.Ct. 534, 543, 5 L.Ed.2d 551] (1961). Thus the burden is placed and remains upon the defendant to prove both undue delay and lack of prejudice. However, once the analogous statutory period has expired the Court may infer prejudice from that fact alone. That approach was stated in *Riddick v. Baltimore Steam Packet Co.*, 374 F.2d 870, 871 (4th Cir. 1967) (per curiam), and

more recently in an unpublished opinion in *Bellmore v. Interstate Oil Transport Co.*, No. 75–1298 (4th Cir. Feb. 23, 1976) (per curiam).[3] Both of those opinions cite to and rely upon *Giddens.*

The first of the two recent cases referred to *supra* at p. 2 and cited by defendant is *Public Administrator v. Angela Compania Naviera, S.A.*, 592 F.2d 58 (2d Cir. 1979). In that case, the question arose as to whether the analogous statute of limitations for reference in determining laches in the cause of action arising under the general maritime law was a six-year New York contract limitations period or the two-year limitations period under the Death on the High Seas Act, 46 U.S.C. § 761, *et seq.* The Second Circuit, after concluding that the two-year period was the one to be considered, analyzed the burden of proof issue when the defense of laches has been pled, and quoted from the Second Circuit's pre-*Giddens* opinion in *Larios v. Victor Carriers, Inc.*, 316 F.2d 63 (2d Cir. 1963), cited and discussed by Judge Bryan in *Giddens.* In *Larios*, Judge Friendly wrote (at 66):

> [W]hen a plaintiff who asserts a maritime claim after the state statute has run, presents evidence tending to excuse his delay, the court must weigh the legitimacy of his excuse, the inference to be drawn from the expiration of the state statute, and the length of the delay, along with evidence as to prejudice if the defendant comes forward with any. Moreover, although a plaintiff who has delayed bringing suit beyond the analogous state period has the ultimate burden of persuasion both as to the excuse for his own delay and as to lack of prejudice to the defendant, see Gilmore & Black, Admiralty (1957), 631, these two factors are not to be viewed independently. * * *

The other case upon which defendant relies, *LaGares v. Good Commander Shipping Co.*, 487 F.Supp. 1243 (S.D.N.Y.1980), is an opinion by Judge Knapp interpreting *Public Administrator, supra*, as a retreat from *Hill*

v. W. Bruns & Co., 498 F.2d 565 (2d Cir. 1974). Judge Knapp described *Hill* as follows:

> The opinion in *Hill* appeared to us to change the rule set forth for this Circuit by Judge Friendly's opinion in *Larios v. Victory Carriers, Inc.* (2d Cir. 1963) 316 F.2d 63, 66 that upon the expiration of the analogous state statute of limitations, a plaintiff must provide some reason or excuse for the delay, and that "if the plaintiff proffers no pleading or presents no proof on the issue of laches, the defendant wins." In other words, it appeared to us that we were precluded in the aftermath of *Hill* from considering plaintiff's excuse or lack thereof for the delay in determining whether or not to apply the equitable doctrine of laches.

In *Hill* Judge Oakes, citing twice to *Larios, inter alia*, noted (at 568):

> In an admiralty suit state statutes of limitations are not strictly applied; instead the doctrine of laches controls. * * The courts are not to resort to mechanical application of local statutes of limitation in determining the issue of laches. * * * No presumption attaches from the expiration of the applicable period of limitations. * * *

> Appellee [defendant, the party asserting laches] failed to show prejudice within the applicable period, and it had the burden of adducing evidence on this issue. As we said in *Larios v. Victory Carriers, Inc.*, 316 F.2d at 66, to establish the defense of laches there must be proof of "prejudice on the part of the defendant, an issue as to which the defendant, with his greater knowledge, ought be required to come forward." * * *

Judge Knapp, after commenting (at 1244) that *Public Administrator* had "cleared up some of the ambiguity," quoted Chief Judge MacMahon's following statement in *De Monte v. Shipping Corp. of India, Ltd.*, 476 F.Supp. 392, 396 (S.D.N.Y.1979):

---

**3.** A copy of the 1976 unpublished opinion in *Bellmore* has been placed in the court file herein. It is not relied upon by this Court herein other than as an indication that *Giddens*, decided in 1966 and relied upon in *Riddick* in 1967, still seemingly retained its full viability in 1976.

[U]nder *Larios* this action would be barred automatically; under *Hill* we must focus on prejudice; under *Public Adm'r* both factors must be considered in general, but it is unclear whether the *Larios* rule still operates to bar the action where the statute has run and the plaintiff has offered no excuse for the delay.

In *Dickey v. Alcoa Steamship Co., Inc.*, 641 F.2d 81 (2d Cir. 1981),[4] the Second Circuit, in a per curiam opinion, again seemingly followed the *Larios* approach which apparently, at least in part, places the burden on a plaintiff in an admiralty case to overcome the twin presumptions of undue delay by plaintiff and prejudice to defendant when the analogous statute of limitations period has expired. On the other hand, it is also arguable that in *Larios*, *Public Administrator* and *Dickey*, the Second Circuit is only emphasizing the strength of those twin presumptions and the burden such a plaintiff must bear to overcome those presumptions. In any event, as indicated *supra*, Judge Bryan, writing in *Giddens*, was well aware of *Larios*. And to the extent *Larios* and/or any of its progeny are not consistent with *Giddens*, this Court must follow *Giddens*. But even if the most pro-defendant interpretation which can be placed upon the Second Circuit cases were assumed to govern herein, that would still not entitle defendant to summary judgment on the issue of laches.

■ In the within case plaintiff did not bring her suit until nearly seven years after the decedent retired. That was well after the expiration of the analogous limitations period.[5] Even in the absence of a limitations period that would at first blush seem to be an unreasonably long time. The only excuse offered by plaintiff herein for the delay is that she was not aware that she had a claim upon which she could sue until the press reported the jury verdict in favor of plaintiffs in the *Barger* case.[6] Generally, ignorance of legal rights does not excuse failure to act with reasonable dispatch. *Giddens v. Isbrandtsen, supra*, 355 F.2d at 128; *Morales v. Moore-McCormack Lines, Inc.*, 208 F.2d 218, 221 (5th Cir. 1953). On the other hand, in an oral opinion, Judge Blair of this Court in *Ethridge v. Mt. Vernon Tanker Co.*, 1977 A.M.C. 1667, 1670 (D.Md.1977), suggested that such ignorance may in some circumstances provide some justification for delay. Herein, plaintiff has come forward with sufficient—even if somewhat weak—reasons to entitle plaintiff to go to trial on the issue of delay.

As to the prejudice half of the laches equation, the most obvious source of potential prejudice in this case is that the decedent is dead, and no longer available to the defendant for discovery or trial. An affidavit by James A. Fallon, Assistant Executive Secretary of the Baltimore City Fire Department,[7] indicates that shortly after this action was filed the City obtained an "Independent Medical Examination" of decedent's condition, by having his records reviewed by an independent physician and that said evaluation was limited by the fact that decedent was not available for physical examination. However, plaintiff has submitted her own affidavit[8] stating that the decedent was examined by five doctors prior to his death, and that all five of the doctors are still living and are in the Baltimore area, so that they will be available in this action. That may well mitigate the prejudice which might result from decedent's present unavailability for examination. Furthermore, it is not clear, in this case in which most of the damages claimed are for past pain and suffering, whether

---

4. Slip op. filed in court file in this case.

5. The parties seemingly agree that the analogous limitations period is the three-year period for the Jones Act, 46 U.S.C. § 688.

6. *See* note 1, *supra*. Plaintiff did bring her action promptly thereafter, however. The jury verdict in *Barger* was rendered on October 31, 1978, and the within action was filed less than a month later.

7. Defendant's Additional Affidavit in Support of Motion for Summary Judgment, filed January 22, 1981.

8. Attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment, filed Feb. 1, 1979.

defendant or plaintiff is most injured by the inability of decedent to testify.[9]

The Fallon affidavit also states that shortly before decedent retired an investigation into the noise levels on City fireboats was undertaken by Marine Battalion Chief George L. Klein. The affidavit further asserts that Klein retired in 1977 and died in August 1979. As an initial matter, it should be noted that Klein's death occurred nearly a year after this lawsuit was filed. Accordingly, thereafter, defendant had ample opportunity to consult with him and to preserve his testimony, if defendant so desired. It is therefore not clear whether any prejudice caused by his death can be fairly attributed to the delay by plaintiff. Moreover, Klein was alive when the *Barger* case [10] was tried and testified extensively during that trial. Thus there is a record of his testimony which, while not directed specifically to this case, concerned essentially the same claims made herein with regard to excessive noise levels.

Plaintiff has submitted an affidavit by Edward C. Heckrotte, a member of the Board of Trustees of the Fire and Police Employees Retirement System,[11] stating that decedent's claim was presented to the fire department when decedent sought a disability retirement in 1971. That notice of the claim may mitigate any contention of prejudice.[12] *See Vega v. The Maula*, 291 F.2d 415, 419 (5th Cir. 1961); *Johnson v. Moore-McCormack Lines, Inc.*, 460 F.Supp. 1195, 1197 (D.Md.1978) (Murray, J.). Moreover, the *Barger* case,[13] in which Fire Department employees alleged injury from excessive noise in fireboat engine rooms, put defendant on notice as to problems with the noise level. Thus defendant may have thoroughly investigated the factual background in preparation for that case, even if it did not so do before.

In the within case plaintiff has made a sufficient showing of both due care by plaintiff and lack of prejudice to defendant to avoid summary judgment on the defense of laches, even though defendant may at trial ultimately be able to show lack of diligence by plaintiff and prejudice to itself. For example, as to prejudice, it is possible that the doctors who examined decedent will not recall his case well enough to be able to testify meaningfully, or that the medical records will prove so incomplete or unreliable that defendant's inability to examine decedent will prove prejudicial. However, taking plaintiff's affidavits as true, and giving her the benefit of all the inferences, as this Court must when summary judgment is sought against her, summary judgment is not available to defendant on the laches issue. Accordingly, this Court's previous Order denying defendant's renewed motion for summary judgment will not be altered.

---

9. It should also be noted that decedent died less than two years after his retirement. Accordingly, even if this action had been brought within the limitations period, defendant might well have been deprived of his testimony.

10. *See* note 1, *supra.*

11. Attached to the Opposition to Motion, note 8, *supra.*

12. The Fallon affidavit asserts that the issues and burdens of proof in the retirement hearing were different than those herein. That may be so. Nevertheless, the retirement claim served to put defendant on notice that decedent claimed injury related to his employment on defendant's fireboats.

13. *See* note 1, *supra.*