**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2076

_____

ESTATE OF KENNETH J. MILLER, III,
By his next of kin, Helen Miller,

Appellant

v.

DETECTIVE ROBERT HUDSON, in His individual Capacity;
DARREN SHORT, in His State of Delaware Department of Public Safety, in his
Individual capacity;
UNNAMED MEMBERS OF THE DELAWARE STATE POLICE;
UNNAMED MEMBERS OF THE CONFLICT RESOLUTION TEAM, yet to be
determined.;
UNNAMED MEMBERS OF THE SPECIAL OPERATIONS TEAM, yet to be
determined

On Appeal from the United States District Court
for the District of Delaware
(No. 1:10-cv-00821)
District Judge:  Hon. Gregory M. Sleet
Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013

Before:  FUENTES, CHAGARES, and BARRY, Circuit Judges.

(Filed: June 13, 2013)
_____

OPINION
_____


CHAGARES, Circuit Judge.

The estate of Kenneth Miller III appeals the District Court's dismissal of a 42 U.S.C. § 1983 action brought on his behalf by his mother, Helen Miller. Mrs. Miller sued several officials, named and unnamed, of the Delaware State Police for the shooting death of her son. The District Court found that Mrs. Miller's action was barred by the applicable statute of limitations and dismissed the complaint. Because we conclude that additional facts are necessary to determine whether equitable tolling should apply, we will vacate the judgment of the District Court and remand.

I.

Mrs. Miller's complaint, filed on September 28, 2010,[1] alleges the following facts. In the early morning of September 26, 2008, Mrs. Miller called 911 because she feared that her adult son, who suffered from depression, would hurt himself. Miller's depression stemmed from his father's death in April 2007 and an issue regarding his "ex-fiancé." Appendix ("App." 13). Mrs. Miller asked the police to pick up Miller, who was walking from his sister's home to Mrs. Miller's house, a distance of approximately one mile.[2] The police reached Mrs. Miller's home sometime after Miller had already arrived there. The thirty to forty-five police officers that arrived on the scene evacuated the

---

[1] The complaint is dated September 26, 2010, but Mrs. Miller does not contend that it was filed before September 28, 2010, the date reflected on the District Court's docket.

[2] Mrs. Miller alleges, and the defendants do not contest, that her son was unarmed at the time of the shooting. The complaint is not clear on this point and alleges that "Helen Miller made it readily clear to the 911 dispatcher that Kenneth Miller was walking home on armed, although there were firearms act for residence [sic]." App. 13.

2

neighborhood, blocked the road from both sides, and barricaded the residence.[3] During

that time, Miller exited the home unarmed on at least three occasions, though the police

did not apprehend him. Eventually, the police cut off all communication between Miller

and his family. The officers used a speaker system and a robot device to communicate

with and photograph Miller while he was inside the house. The robot device seemingly

malfunctioned and broke a bedroom window, which escalated the situation. Miller was

pronounced dead at 6:04 a.m. after sniper Sergeant Darren Short of the Delaware State

Police shot him in the head.

Mrs. Miller's complaint, brought on behalf of her son against the officers, named

and unnamed, in their individual capacities, alleged five constitutional violations

actionable under 42 U.S.C. § 1983: the officers used deadly force; the State of Delaware

failed to train its law enforcement officials; the officers were liable under the state-

created danger doctrine; the officers failed to protect Miller from suicide; and the officers

used excessive force against Miller. The defendants moved to dismiss the complaint on

the basis that the applicable two-year statute of limitations barred Mrs. Miller's claims.

In response, Mrs. Miller asked the court to toll the statute of limitations because the

Delaware State Police fraudulently concealed information about her son's death. Mrs.

Miller also submitted an affidavit in which she alleged that the police had misrepresented

the relevant statute of limitations on two separate occasions. The District Court granted

the defendants' motion and dismissed the complaint, concluding that Mrs. Miller failed to

---

[3] The complaint offers little detail and does not specify what events transpired between
the phone call and the officers' arrival at Mrs. Miller's home.

exercise due diligence to determine the proper limitations period and therefore could not invoke equitable tolling.

Mrs. Miller filed this timely appeal.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

This Court exercises plenary review over a district court's grant of a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Defendants may raise a statute of limitations defense in a 12(b)(6) motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quotation marks omitted). The time bar must be evident on the face of the complaint for the complaint to create a basis for dismissal. Id.; see also Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

Because Congress has not provided a statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts will apply the statute of limitations that governs personal injury tort claims in the forum state. Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Okure, 488 U.S. 235, 249-50 (1989). The parties agree that the relevant Delaware statute of limitations is two years. See Del. Code Ann. tit. 10, § 8107

4

(two-year statute of limitations for wrongful death claims), § 8119 (two-year statute of limitations of personal injury claims).  The parties also agree that the complaint was filed over two years after Miller's death.

Mrs. Miller argues that equitable tolling should apply to extend the limitations period and that the defendants are estopped from raising a statute of limitations defense because they induced the delay by misrepresenting the limitations period as three years. In general, federal courts will apply state tolling rules to § 1983 actions.  Wallace, 549 U.S. at 394.  However, when the state rule would contravene or undermine federal policy, courts may, in limited circumstances, look to federal tolling rules.  Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000); see also Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) (explaining that state law governs tolling of statute of limitations period "except that federal law might also allow additional equitable tolling in rare circumstances"); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) ("Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law.").  Courts modify state tolling rules in these situations because § 1983 is a remedial statute that seeks to deter violations of individual constitutional rights and compensate individuals who have suffered such violations whereas state statutes of limitations serve different goals, such as finality and repose. Kach v. Hose, 589 F.3d 626, 643 (3d Cir. 2009); Lake, 232 F.3d at 369; see also Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980).

Delaware law recognizes fraudulent concealment as a basis for equitable tolling. See Halpern v. Barran, 313 A.2d 139, 143 (Del. Ch. 1973); see also In re Tyson Foods,

5

Inc., 919 A.2d 563, 585 & n.48 (Del. Ch. 2007). A claim of fraudulent concealment requires an affirmative misrepresentation by the defendant and will toll the relevant statute of limitations only until the plaintiff discovers his rights or could have discovered his rights "by the exercise of reasonable diligence." Halpern, 313 A.2d at 143; Lincoln Nat'l Life Ins. Co. v. Snyder, 722 F. Supp. 2d 546, 563 (D. Del. 2010) ("Under the fraudulent concealment doctrine of tolling, a plaintiff must show that a defendant knowingly acted to prevent plaintiff from learning facts or otherwise made misrepresentations intended to put [ ] plaintiff off the trail of inquiry." (alteration in original) (quotation marks omitted)). The statute of limitations period will begin to run again "when the plaintiff is objectively aware of the facts giving rise to the wrong, i.e., on inquiry notice." EBS Litig. LLC v. Barclays Global Investors, N.A., 304 F.3d 302, 305 (3d Cir. 2002) (quotation marks omitted). A plaintiff who claims fraudulent concealment must plead the facts of the alleged fraud with sufficient particularity. Halpern, 313 A.2d at 143.[4]

Though Delaware's fraudulent concealment case law does not specifically address instances in which defendants misrepresent the relevant limitations period, the applicable

---

[4] When federal tolling applies, this Court has identified "three principal, though not exclusive situations" in which the doctrine of equitable tolling might operate to toll the statute of limitations: "(1) [when] the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) [when] the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) [when] the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). To invoke equitable tolling, a plaintiff "must show that it exercised reasonable diligence in investigating and bringing its claims." New Castle Cnty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997).

Delaware equitable tolling principles largely mirror the analogous federal fraudulent concealment doctrine. Application of those principles would not undermine the remedial goals of § 1983. As a result, Delaware law applies.[5] See Kach, 589 F.3d at 642; see also Earle v. Dist. of Columbia, 707 F.3d 299, 310 (D.C. Cir. 2012) (looking to the District of Columbia's fraudulent concealment doctrine to predict how that court would decide the case before the federal court). Further, nothing in Delaware's fraudulent concealment jurisprudence leads us to conclude that equitable tolling could not apply when a defendant affirmatively misrepresents the relevant limitations period.

Though a defendant bears the burden of establishing a statute of limitations defense, In re Cmty. Bank of N. Va., 622 F.3d 275, 292 (3d Cir. 2010), a plaintiff who seeks equitable tolling bears the burden of proving fraudulent concealment, Forbes v. Eagleson, 228 F.3d 471, 486-87 (3d Cir. 2000). In an affidavit attached to her opposition to the defendant's motion to dismiss, Mrs. Miller averred that, on "two separate occasions, Delaware State Police Detective Michael Mahar, and then Sgt. Robert Hudson II, voluntarily informed me that the family had three (3) years to file a lawsuit concerning the death of Kenneth Miller III." App. 29. She does not state when the officers provided this information, explain why she relied on it, specify when she eventually obtained counsel, or identify the date when she learned that she had two years, not three, to file.

When a plaintiff seeks equitable tolling "but the facts underlying that request are disputed or unclear, a court may remand the case to determine if the facts actually support

---

[5] Because we apply Delaware law, Mrs. Miller's reliance on Glus v. Eastern District Terminal, 359 U.S. 231 (1959), is misplaced.

tolling." Lake, 232 F.3d at 370. The facts underlying Mrs. Miller's request are unclear and her request cannot be resolved on the present record. Though we offer no opinion on whether Mrs. Miller will ultimately satisfy Delaware's requirements for equitable tolling, we conclude that remand is appropriate to provide Mrs. Miller with the opportunity to present facts in support of her request. [6]

III.

For the reasons discussed above, we will vacate and remand the District Court's judgment granting the defendants' motion to dismiss.

---

[6] Mrs. Miller also alleges that the District Court should have tolled the limitations period because the police fraudulently concealed information about the shooting and delayed the release of relevant information — including Miller's death certificate, examination report, and toxicology medical examination — until February 12, 2009. However, the complaint does not specify information that she lacked access to until the release of these documents. Though information released in February 2009 was undoubtedly relevant to Mrs. Miller's cause of action, mere relevance is insufficient to trigger equitable tolling. To toll the statute of limitations because of fraudulent concealment, plaintiffs must establish that "[n]o objective or observable factors may exist that might have put . . . [them] on notice of an injury, and . . . [they] bear the burden to show that they were 'blamelessly ignorant' of both the wrongful act and the resulting harm." Tyson Foods, Inc., 919 A.2d at 584-85. Mrs. Miller was, by her own account, on notice of her son's injury the day after it occurred.